HENDRICK et al. v. SILVER.

(Supreme Court, Appellate Term. April 8, 1909.)

1. HUSBAND AND WIFE (§ 301*)—ATTORNEY FEES—SEPARATION SUIT BY WIFE —LIABILITY OF HUSBAND.

An attorney may recover from a husband for services rendered the wife in her action for a separation, upon proof that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its instigation and prosecution reasonable and proper.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 137, 1099; Dec. Dig. § 301.*]

2. HUSBAND AND WIFE (§ 301*)—ATTORNEY FEES—SEPARATION SUIT BY WIFE —LIABILITY OF HUSBAND—NECESSITY FOR SUIT.

A wife, seeking the services of attorneys to secure a separation, stated her grievance to be that her husband limited her to $15 a week, though his income was $250 a month; that she did not have enough to wear, without definitely specifying what clothes she had; that he sometimes called her harsh names, without stating what they were; and that he allowed her no servant, allowed his relatives to come to the house, and furnished her scarcely enough to eat. *Held*, that the situation disclosed was not such as to afford the attorneys probable cause for believing that the prosecution of a separation action was reasonable and proper for the wife's protection and support, so as to entitle them to recover their fees from the husband, especially where it appeared that the wife lived and cohabited with him during the entire period in question, ate at the same table and presumably the same food, and that it was at her own request that she had no servant, and there was no claim that the husband did not pay the household expenses, in addition to the amount allowed the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 137, 1099; Dec. Dig. § 301.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William J. Hendrick and others, copartners, against Stanley G. Silver. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Bernard Edelhertz, for appellant.

Hendrick, Abberley & Hendrick, pro se.

GILDERSLEEVE, P. J. The action is for legal services alleged to have been rendered to defendant's wife, who consulted one of plain-

tiffs about bringing an action for separation against defendant, but finally concluded to abandon this project. The basis for the proposed separation suit was the alleged failure of defendant to give sufficient support to his wife, and the alleged cruel and inhuman treatment by defendant of his said wife. The rule is that, while an action for services to the wife rendered in her action for a separation may be maintained by the attorney against the husband, still it is incumbent on the attorney to prove that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its instigation and prosecution reasonable and proper. Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222. In the case at bar one of the plaintiffs states that defendant's wife called on him and told him her husband treated her badly, whereupon the said plaintiff "examined the law" and wrote a letter to defendant to come to see said plaintiff. In response to this letter defendant called on said plaintiff at the latter's residence and had a conversation with plaintiff, as also did defendant's brother, and, as plaintiff "believes," it was afterwards agreed that defendant should give his wife $65 a month, but he is not sure. Subsequently plaintiff had three more conversations with the wife, making four in all, and the wife finally told him to discontinue his efforts in her behalf, as she would try to "patch up" her marital difficulties herself, and this ended plaintiff's services. No summons or complaint was ever prepared in the proposed action. Plaintiff says that the wife told him that her husband called her "harsh names" and gave her only $15 a week, which was not enough money for her support; that she did not have "enough to wear" and "hardly enough to eat"; and that the husband permitted his relatives to "come into the house and use it as their home, and hold her in contempt and ridicule." There appear to have been no children of defendant and his wife. The latter also told plaintiff that her husband made her do the housework, instead of giving her a servant. Plaintiffs' brother lawyer, Jacob Walz, swears that the above related services of plaintiff were worth reasonable $50. This constitutes plaintiffs' case, and defendant made a motion to dismiss the complaint on the ground that plaintiffs had not shown that the services were for the protection and support of the wife, and that plaintiffs had not shown that the conduct of the husband was such as to render the institution of a separation suit reasonable or proper. The motion was denied, and exception taken.

Defendant was then called, and gave an account of his interview with plaintiff. He also stated that he had always been willing to give his wife a servant, but she did not want one, as she could easily do the work for two people—i. e., herself and defendant—and the wife did not want a servant around the place. He further stated that plaintiff never claimed to him that his wife accused him of cruel treatment, but simply that they (the husband and wife) could not agree. He also swore that during all the period of the alleged services of plaintiffs to his wife the latter lived with him, ate at the same table, and "slept in the same bed," and has ever since continued to do so. He was asked as follows:

"Q. As a matter of fact, during the entire time that you have lived with your wife, have you ever treated her in a cruel manner?"

This was objected to by plaintiffs' counsel as calling for a conclusion, and ruled out under defendant's exception. He is allowed, however, to deny that plaintiff ever told him that his wife had accused him of cruelty or using harsh words. Defendant's brother swore that he heard defendant ask plaintiff if his wife accused him of cruelty, and that plaintiff replied:

"Well, she did not say just that; but you can't get along, and my advice would be to bring about a separation, * * * and if I win or lose I will make a motion for counsel fee and alimony, and this will be granted, so you have got to pay anyway, so I suggest bringing a friendly action and save all that expense. Q. Do you remember whether he said friendly action, or a separation by consent? A. A separation by consent. That is what he said."

The brother also denied that he made any agreement with plaintiff that defendant should pay his wife $65 a month; but he stated that his brother's income was $250 a month, and that one-fourth of that would be about $60, which plaintiff told him the court would make his brother pay, as alimony, if a separation case was brought. At the close of the entire case defendant's counsel said:

"I renew my motion for judgment for the defendant on the ground that plaintiff has absolutely failed to show affirmatively that he was entitled to anything for the services, because he failed to show that there was any reasonable ground, or that the services he rendered were necessary for the protection of the wife."

The motion was denied, and defendant excepted. The court rendered judgment in favor of plaintiffs for $50 damages and $14.31 costs. Defendant appeals.

In view of the conclusion of the court below, we shall accept plaintiff's version as to what the wife told him, and also as to all the disputed features of the case, as correct; and the question is whether or not the treatment of which the wife complained to plaintiff constituted sufficient grounds for separation, especially in view of the uncontradicted testimony of defendant that his wife lived and cohabited with him during the entire period in question, and that it was at her request that he gave her no servant. The wife's grievance was that he limited her to $15 a week, although his income was $250 a month; that she did not have enough to wear, and scarcely enough to eat, although she ate at the same table with her husband and presumably had the same food; that he sometimes called her "harsh names," but what names do not appear; and that he allowed his relatives to come to the house. It will be observed that defendant allowed his wife about one-fourth of his income, while there is no claim that he did not pay the household expenses in addition thereto. It is not claimed that he struck her, or in any way physically misused her, while the charge of "harsh words" is extremely vague and indefinite. The admission of his relatives to the house does not appear to have been so serious an offense as to justify a separation, while the mere claim that she did not have enough clothes to wear, without any definite particulars with respect to what clothes she had, is a mere conclusion, and could not support an action for separation.

Taking the wife's statements as correct, but giving credence to defendant's testimony where it is not contradicted by the plaintiffs, or by

the statements made to the plaintiffs by the wife, it seems to us that the plaintiffs fail to show that the services rendered were necessary, either for the wife's protection or support, and that the situation disclosed was not such as to afford the plaintiffs probable cause for believing that the prosecution of the action for separation was reasonable and proper. The conclusion follows that the plaintiffs failed to establish a cause of action.

. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs.    SEABURY, J., concurs in result.