## LEWIS *a.* FOX.

*New York Common Pleas; General Term, October,* 1860.

COSTS.—APPEALS IN MARINE COURT.

What costs may be allowed by the New York Marine Court on appeals, and by the Common Pleas, on appeal from that court.

Appeal from a judgment of the Marine Court.

BY THE COURT.—HILTON, J.—This action was commenced in the Marine Court by warrant of attachment issued by one of the justices of that court, under the provisions of sections 34 and 35 of the act to abolish imprisonment for debt, &c., passed April 26, 1831. On the return of the warrant the plaintiff had judgment, which, on appeal to the general term of that court, was reversed, and final judgment given for the defendant, upon the ground, as it seems, that the affidavit on which the attachment was granted did not state sufficient to authorize the issuing of such a process, and that, therefore, the court acquired no jurisdiction of the suit. On the reversal, the general term awarded the defendant $48.96 costs and disbursements, and for which judgment has been entered.

The plaintiff having appealed, asks us to review the judgment in respect to the sufficiency of the affidavit referred to; and also as to the right of the Marine Court to award the costs thus imposed upon him.

Upon the first ground stated, we are of opinion, that the affidavit was clearly insufficient to justify the issuing of the attachment, and the Marine Court was right in so holding.

As to the second, a brief reference to the several statutes upon the subject of costs in the Marine Court, will show that the sum allowed is much beyond the power of that court to award to a respondent upon appeal in any case. The act of July 21, 1853 (*Laws of* 1853, 1165, ch. 614), under which the Marine Court de-

rives the power to review, upon appeal at general term, the
judgments rendered by any of its justices, allows (§ 5) the same
costs and disbursements on such appeals, as on appeals from
justices' courts to this court; and these are specified in section
371 of the Code, which provides that there shall only be allowed
on such appeals, to the appellant on reversal $15, and to the re-
spondent on affirmance $12, with the fees of officers and dis-
bursements in addition, which consist of the sheriff's or consta-
ble's fees, the sums paid to the clerk during the progress of
the cause, or for any copies of papers made by him, and neces-
sary to be procured, together with the expenses incident to the
filing of any transcript of the judgment. These items, added
to the justice's fee of $2, for his return, constitute all the fees of
officers and disbursements which can be allowed by us on ap-
peals from justices' courts; and it follows that the Marine Court
cannot, under the provisions of the act of 1853 referred to, al-
low any other.

But it is said that, by a rule of that court, an appellant is
required to print his case and points upon an appeal taken to
the general term, and that this expense must therefore be con-
sidered as a necessary disbursement, to be allowed as part of
the costs to be awarded in the final judgment. Our only
answer to this is, that the Legislature has restricted this court
in the amount of costs and disbursements which it may award
upon appeals from justices' courts; and the Marine Court, as
already shown, is restricted in like manner and to the same
extent.

By section 365 of the Code, we are required to hear all such
appeals upon the original papers, and it is therein expressly de-
clared that no copy thereof need be furnished for the use of the
court. A provision of so positive a character we have always sup-
posed denied to us the right to impose upon either party to such
appeals any expense in the way of either copying or printing of
papers to be used on the argument of the appeals before us,
and we have no doubt that if we should require such an ex-
pense to be undergone, the party incurring it would not be en-
titled to have it allowed him as a disbursement within the
meaning of section 371.

Entertaining these views, we are of opinion that in the pres-
ent case the Marine Court has exceeded its powers by giving

judgment in favor of the defendant for a greater amount of costs and disbursements than the law authorizes.

The judgment must, therefore, be reduced to the costs and disbursements which are usually allowed in this court on appeals from justices' courts, and thus modified, it will be affirmed without costs of this appeal to either party.