(28 App. Div. 529.)

## NAUMER v. GRAY.

(Supreme Court, Appellate Division, Second Department. April 26, 1898.)

1. LIABILITY OF HUSBAND—FEE OF WIFE'S ATTORNEY.

An attorney, who in good faith, and upon probable cause, has carried on a wife's suit against her husband for a separation upon the ground of cruel and inhuman treatment, may recover from the husband, in an action at law, compensation for his services.

2. SAME.

To succeed in such an action, the plaintiff must show affirmatively that the suit was for the protection and support of the wife, and the conduct of the husband such as to render its institution and prosecution reasonable and proper.

Appeal from trial term.

Action by John Naumer against Pendleton B. Gray. From a judgment in favor of defendant, entered on dismissal of the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John Naumer, in pro. per.

Ingle Carpenter, for respondent.

CULLEN, J. This action is brought to recover the value of legal services rendered to one Mary C. Gray, the wife of the defendant, in the institution and prosecution of an action by her against the defendant for a separation upon the ground of cruel and inhuman treatment. The trial court held that such an action could not be maintained, and dismissed the complaint, and from the judgment entered on that decision this appeal is taken. It is conceded by both learned counsel that, under the law in England, a solicitor, who, in good faith, and on probable cause, carries on or defends a wife's divorce suit with her husband, can recover at law, of him, compensation for his services; and this doctrine, originally established in actions for separation, has been extended to suits for dissolution of marriage. 2 Bish. Mar., Div. & Sep. § 975. In this country the authorities are conflicting, though the counsel for the respondent insists that the great weight of authority is against the maintenance of such an action. Of these authorities, Mr. Bishop says that they "are in every form of conflict, resulting in nothing which may be deemed an American doctrine," and he remits every practitioner to the decisions in the Reports of his own state. The only authority on this question in New York is that of Phillips v. Simmons, 11 Abb. Prac. 287, where Mr. Justice Bonney, at special term, held that the action would not lie. This result was reached on the authority of certain cases which I shall review hereafter. It is first to be observed that there is a radical distinction between an action for divorce, or dissolution of the marriage tie, and an action for separation. I think that a careful examination of the decided cases in this country will show that, while an action like the present cannot be maintained where the services were rendered in an action for divorce, it will lie where the action was for separation only.

The first case cited by Judge Bonney is that of Shelton v. Pendleton, 18 Conn. 417. That action was for services rendered to the wife in a suit for absolute divorce. It was held that the husband was not liable for such services. This decision was placed on the ground that:

"The duty of providing necessaries for the wife is strictly marital, and is imposed, by the common law, in reference only to a state of coverture, and not of divorce. * * * The husband could never have been placed under obligation to provide for the expenses of its dissolution. * * * Necessaries are to be provided, by a husband for his wife, to sustain her as his wife, and not to provide for her future condition as a single woman, or perhaps as the wife of another man."

The learned judge added:

"Indeed, it cannot be said truly that divorces, to the extent allowed by our law, are matters of necessity, but rather of privilege and favor."

In other words, luxuries rather than necessaries. The criticism on the laws of Connecticut involved in this remark may be well founded, but it is by no means equally applicable to the laws of this state.

The next case is that of Wing v. Hurlburt, 15 Vt. 607. In this case, also, the services were rendered in an action for the dissolution of the marriage, and the decision was similar to that in the preceding case. In the opinion, however, the distinction is sharply drawn between an action for support and maintenance, and that for a dissolution of the marriage:

"When the wife was compelled to institute proceedings against him, in law and equity, to compel him to furnish her with a support and maintenance, the legal assistance furnished was deemed necessaries, for which the husband was made liable. * * * But to dissolve the bonds of matrimony between them, on her request, or to resist his petition for that purpose, cannot be considered as necessary for her safety or preservation, so as to enable her to procure professional assistance therefor on his credit, and at his cost."

The next case is that of Dorsey v. Goodenow, Wright, 120, to recover for services rendered in an action for a divorce. It was held the action could not be supported. This case possibly makes inferentially for the broad proposition asserted by the respondent, for the opinion draws no distinction between an action for divorce and an action for separation. It is said:

"Here the service was for the wife, in a proceeding against the husband, intended to affect his conjugal rights. It would be difficult, against such facts, to raise a presumption of assent."

Thus, it will be seen that not one of the cases quoted by Justice Bonney is an authority in point for his decision, while in two of them the arguments of the opinions are against the doctrine decided by him.

Now for a brief review of the other decided cases: In Coffin v. Dunham, 8 Cush. 405, the husband was held not liable for legal services rendered the wife, in successfully defending a divorce suit brought by him against her. This decision was placed on the ground that the statutes of the state had granted the courts no authority to make allowances for alimony or counsel fee in matrimonial actions, and therefore the maintenance of the action would

be against public policy. However, in Conant v. Burnham, 133 Mass. 503, the husband was held liable for services rendered the wife in defending her against her husband's complaint for assault and battery. In Dow v. Eyster, 79 Ill. 254, where the husband was held not liable for the services of the wife's attorney, the action was for absolute divorce. The same is true of McCullough v. Robinson, 2 Ind. 630. In Iowa the decisions, or at least the dicta of the opinions, are involved in no small degree of conflict. The latest is that of Sherwin v. Maben, 78 Iowa, 467, 43 N. W. 292, which endeavors to reconcile the former decisions, and is to be regarded as the exponent of the present state of the law. From this case it would seem that the husband is not liable for services rendered the wife in a divorce suit brought by her, but is liable for services rendered the wife in a suit brought by him against her. In Morrison v. Holt, 42 N. H. 478, it was ruled that the husband was not liable to an attorney for services rendered his wife in prosecuting a libel for divorce against him upon the ground of his adultery. In the opinion the distinction between an action for an absolute divorce and a divorce a mensa et thoro on the ground of cruelty is recognized and stated. In Graves v. Cole, 19 Pa. St. 171, it was held that the husband was not liable for the board of his wife's witnesses while attending court on the trial of an action for divorce, and that the wife's remedy was by application in the divorce action. In Gossett v. Patten, 23 Kan. 340, the plaintiff rendered services to the wife in the defense of a divorce suit brought against her by her husband. The husband discontinued the suit. It was held that he was liable for the plaintiff's services. In Williams v. Monroe, 18 B. Mon. 514, the husband was held not liable for services rendered the wife in her action for divorce. In the opinion it is said:

"The doctrine is well settled that, when the conduct of the husband towards his wife makes it necessary that she should apply to the law for securing either protection or support, the husband will be chargeable for the expenses thus rendered necessary by his own misconduct. Such is the case where the wife finds it necessary for her safety to exhibit articles of peace against her husband, and also where she is compelled to seek a separate maintenance, in the form of alimony. This doctrine was recognized in the case of Billing v. Pilcher, 7 B. Mon. 458. But in the cases mentioned the marital relation still subsists between the parties, and the husband's liability arises out of the obligation which the law imposes upon him to support and protect his wife."

In Clarke v. Burke, 65 Wis. 359, 27 N. W. 22, the action was for services rendered in a suit for absolute divorce. The decision was the same as in the case last cited; but again in the opinion is recognized the distinction between an action to dissolve the marriage tie, and an action for protection and support for the wife, who is to continue as such. See, also, Warner v. Heiden, 28 Wis. 517. Yeiser v. Lowe (Neb.) 69 N. W. 847, was for services in an action for absolute divorce; and it was held, on the authority of Shelton v. Pendleton, 18 Conn. 417, that such services were not necessaries. In Kincheloe v. Merriman (Ark.) 16 S. W. 578, it was said:

"We cannot well understand how a suit for divorce could be necessary, or actually afford protection to the wife against personal abuse on the part of the

husband. A proceeding against him to compel him to keep the peace might be necessary, and might have the desired effect."

From this review of the cases in which the liability of the husband for services rendered to the wife in matrimonial actions has been denied, it will be seen that they were cases of absolute divorce, and that the decisions in all of them, except that in the Massachusetts case, proceed on the ground that the purpose of the actions is to dissolve the marital relationship, and not to protect or support the wife in her condition as such, which ground is wholly inapplicable to an action brought for a separation. On the other hand, in Sprayberry v. Merk, 30 Ga. 81, it was held that in a suit for divorce the wife might charge the husband, without his consent, for the real value of such services as might be necessary to her in the conduct of the suit. This doctrine is limited by Glenn v. Hill, 50 Ga. 94, to cases where the action for divorce has been terminated. If the action for divorce be pending, it would seem that the proper practice is to apply in that suit for alimony and counsel fees. In Peck v. Marling, 22 W. Va. 708, it was held that the husband is liable to the suit of the attorney for the wife, if the suit was for a divorce a mensa et thoro because of his cruelty, or apprehension on her part of bodily hurt, though not liable for services rendered in a suit for divorce or separation because of his abandonment or desertion. In McCurley v. Stockbridge, 62 Md. 422, the English law is adopted in its entirety, and the estate of a deceased husband held responsible for services rendered the wife in a suit against the husband for divorce. I think, from this collation of the decided cases, it may fairly be said that the weight of American authority is in favor of the maintenance of an action like the present. To succeed in it, the plaintiff must show affirmatively that the suit was for the protection and support of the wife, and the conduct of the husband such as to render its institution and prosecution reasonable and proper. The remedy afforded the plaintiff to obtain in the divorce action alimony and counsel fees does not preclude the maintenance of this suit. In England, it would seem, not only is such a remedy not exclusive, but the solicitor may, in addition to the amount awarded him as counsel fees or expenses, recover of the husband such further sums as would be properly chargeable between the solicitor and his client. 2 Bish. Mar., Div. & Sep. § 973. We should hesitate to accept such a rule, and be inclined to the opinion that in case an application had been made in the divorce action, and the court had therein determined the alimony and counsel fees to be awarded the plaintiff, such determination conclusively established the measure of the husband's liability. People v. Cullen, 153 N. Y. 629, 47 N. E. 894. However, no evidence was taken on the trial, and it may be that there is no such point in the case, and therefore we do not assume to decide the question.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.