(30 Misc. Rep. 50.)

WOOD v. WOOD.

(Supreme Court, Special Term, New York County. December, 1899.)

1. DIVORCE—ALIMONY—ALLOWANCE.
Plaintiff in an action for separation alleged defendant's abusive language, threats, insufficient support; also neglect of her during illness. It appeared that she was in very bad health, and in need, and that the police court had refused her alimony because her husband had offered her a home. *Held*, under these circumstances, and in view of the fact that her suit for separation made it impossible for her to live with her husband, that this was a proper case for the granting of alimony and counsel fee by the supreme court.

2. SAME—WIFE'S ATTORNEY—HUSBAND'S LIABILITY.
An attorney may maintain an action against a husband for services rendered the wife in a suit for separation.

Bill by Mary Wood against James Wood for separation. Motion by plaintiff for alimony and counsel fee. Allowed.

J. B. Lockwood, for the motion.

G. H. Hart, opposed.

GILDERSLEEVE, J. The motion is for alimony and counsel fee in a separation case brought by the wife against the husband. The facts appear to be as follows, viz.: The wife brought a former action for a divorce on the ground of adultery. The action was tried before Mr. Justice Beekman, and the complaint dismissed for insufficient proof of defendant's adultery. The wife then brought this action for a separation on the ground of cruel and inhuman treatment,

consisting of abusive language, threats, and insufficient support, and also of neglect of plaintiff in her illness. The plaintiff claims that the defendant earns $100 a month, while the defendant asserts that he only earns $18 a week. He is an engineer on the elevated railroad in this city. The plaintiff has applied several times to the police courts, and the defendant has been ordered to contribute in various sums to plaintiff's support. Subsequently the parties went to live together again, and the orders of the police courts ceased to be effective. The plaintiff went afterwards to live with her daughter, as she was unable to get on with her husband, and the husband for some time continued to send five dollars a week to the daughter, but has now ceased to do so, and no arrangement at present appears to be in force for the support of the plaintiff. Proof is also produced to the effect that plaintiff is in very bad health, and is in need of assistance. As a general rule, I think that applications for alimony in separation cases, where the wife is the plaintiff, should be made to the police courts, which are abundantly provided with means to make the husband properly contribute to the support of his wife; while the counsel fee might await the result of the action, as the attorney can maintain an action against the husband for services rendered to the wife in a separation case. See Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222. There are, however, exceptional cases, where the application can better be addressed to the supreme court. I think this is one of them. The plaintiff has already made several attempts to have the matter of her support satisfactorily determined in the police courts, and the last time the court appears to have refused to give her any support for the reason that her husband offered her a home. She claims that the home was not suited to one in her delicate health; besides which, the commencement of this action for a separation renders it impossible for her to live with her husband. I am of opinion that the plaintiff should have $6 a week alimony and a counsel fee of $25.

Ordered accordingly.