VIOLET M. TURNER, Appellant and Respondent, *v.*
HERBERT G. WOOLWORTH, Respondent and Appellant,
Impleaded with Another.

Husband and wife — action to recover from husband value
of services of attorney for wife in actions for divorce and
separation in excess of costs allowed and for moneys advanced
by attorney for support of wife while alimony was unpaid —
attorney not entitled to lien for services, but has a lien for
money loaned to the wife upon the unpaid alimony and fine
in contempt proceedings.

1. The action is for legal services rendered and moneys loaned
by plaintiff's assignor to a wife in matrimonial controversies with
her husband. The money was loaned to maintain her when the
husband left her destitute. Thereafter, husband and wife secretly
came together and settled their differences. The wife received a
sum of money in discharge of the husband's liability under an order
which had been made fining him for contempt, and a further sum
for costs and alimony under the final judgment. All this is found
to have been done collusively and in fraud of the attorney's
rights. The plaintiff has been paid all the counsel fees awarded him
by order of the court, but the value of the services is found to be
greatly in excess of the award. Both husband and wife are defend-
ants. The plaintiff and the husband appeal. *Held*, that the excess
cannot be recovered from the husband; that the award made became,
with the costs of the action, the measure of the rights of the wife
and of her husband's obligation.

2. The motion to punish the husband for contempt was not in a spec-
ial proceeding but was made in the action. It was, therefore, covered
by the orders and no extra compensation can be allowed against him.

3. The fine in the contempt proceedings was a substitute for unpaid
alimony and as such is not subject to a lien for counsel fees. Equity
confines this fund to the purposes of its creation and declines to
charge it with liens which would absorb and consume it.

4. The plaintiff has a lien for money loaned, under an agreement
that it should be secured by a lien, for the support of the destitute
wife. To the extent of his advances to the wife, he was subrogated
to the remedy against the husband.

*Turner* v. *Woolworth*, 165 App. Div. 70, modified.

(Argued October 15, 1917; decided November 13, 1917.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 10, 1915, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alexander S. Bacon* for plaintiff, appellant and respondent. From no standpoint whatever is it just that the attorney or counsel should be limited by the amount of counsel fee given pending trial. (*Horn* v. *Schmalholz*, 150 App. Div. 333; *Kellogg* v. *Stoddard*, 89 App. Div. 137.) Even though, in ordinary circumstances, the attorney could not recover full value for his services, the fraudulent character of the settlement would afford a remedy. (*Andrews* v. *Haas*, 214 N. Y. 259; *Glenn* v. *Hill*, 50 Ga. 94.)

*Arnold L. Davis* for defendant, respondent and appellant. No cause of action against the defendant Herbert G. Woolworth was proven and the complaint should have been dismissed on his motion at the conclusion of the trial. (*Arlington Co.* v. *Norwich F. I. Co.*, 107 Fed. Rep. 662; *Arlington Co.* v. *Colonial Assur. Co.*, 180 N. Y. 337; *Arlington Co.* v. *Empire City F. I. Co.*, 116 App. Div. 458; *Lyon* v. *West Side Transfer Co.*, 132 App. Div. 777; *Turner* v. *Woolworth*, 153 App. Div. 293; *Romaine* v. *Chauncey*, 129 N. Y. 566; *Matter of Williams*, 208 N. Y. 32; *Matter of Brackett*, 114 App. Div. 257; *Matter of Bolles*, 78 App. Div. 180; *Branth* v. *Branth*, 10 N. Y. Supp. 638.) The court erred in adding costs to counsel fee in arriving at the value of the attorney's services for which this appellant was liable. (*Turner* v. *Woolworth*, 153 App. Div. 293; *Naumer* v. *Gray*, 28 App. Div. 529; *Daman* v. *Bancroft*, 88 N. Y. Supp. 386; *Romaine* v. *Chauncey*, 129 N. Y. 566; *Matter of*

*Williams,* 208 N. Y. 32; *Matter of Brackett,* 114 App. Div. 257; *West* v. *Washburn,* 153 App. Div. 460; *McIlvaine* v. *Steinson,* 90 App. Div. 77; *Earley* v. *Whitney,* 106 App. Div. 399; *Caccia* v. *Isecke,* 123 App. Div. 779; *Starin* v. *Mayor, etc., of N. Y.,* 106 N. Y. 82.)

CARDOZO, J. The plaintiff is the assignee of Mr. Bacon, a member of the bar. The action is for services rendered and money loaned. The services were rendered to a wife in matrimonial controversies with her husband. The money was loaned to maintain her when the husband left her destitute. Both husband and wife are defendants. The wife does not question the decision. The plaintiff and the husband appeal.

In 1903, the defendant Herbert G. Woolworth sued his wife for divorce. She appeared and defended by Mr. Bacon. Counsel fees amounting to $400, and costs amounting to $274.45, were awarded to her by the court, and received by her counsel. The trial resulted on April 7, 1904, in a judgment in her favor. The husband then abandoned her.

In May, 1904, the wife sued the husband for separation on the ground of desertion. She appeared again by Mr. Bacon. The court awarded temporary alimony at the rate of $10 a week, and a counsel fee of $150. A trial followed, and again the wife prevailed. The judgment is dated January 17, 1906. It awards $2,580 for back alimony, $207.02 for costs, and alimony thereafter at the rate of $30 a week.

In May, 1906, a motion was made to punish the husband for contempt in failing to pay the alimony awarded *pendente lite.* At this time judgment in favor of the wife had already been entered. On July 30, 1906, a fine of $850, afterwards reduced to $680, was imposed. While that motion was pending, an additional counsel fee of $250 was awarded.

During all this period, the wife was destitute. The husband had defied the orders of the court, and fled its jurisdiction. Mr. Bacon, moved by her needs, advanced to her from time to time $813.50. He did this upon her promise that he should have a lien for reimbursement upon costs and alimony when collected. She promised at the same time to pay him $10,000 for his services in the action for separation, with a like lien for his protection.

In April, 1907, husband and wife secretly came together, and settled their differences. The wife received $700 in discharge of the husband's liability under the order fining him for contempt, and $1,800 for costs and alimony under the final judgment. All this is found to have been done collusively and in fraud of Mr. Bacon's rights.

The chief question before us has to do with the husband's liability for counsel fees. He has paid all the fees awarded by order in the divorce suit. He has been adjudged liable for the unpaid fees awarded by order in the suit for separation, and also for the costs. The plaintiff says that this is not enough. There is a finding that the true value of the services is greatly in excess of the award. The question is whether the excess may be recovered from the husband.

On motion of the wife in the divorce suit and again in the suit for separation, the court fixed the fees which the husband was to pay. She chose her tribunal and her remedy. The award then made became, with the costs of the action, the measure of her rights and of her husband's obligation. There was ample power to increase the award, if thereafter it appeared to be inadequate. That power, indeed, was exercised, and there were new orders from time to time. But until increased, the award was final. Counsel were no longer at liberty, disregarding the limit of the orders, to hold the husband to his common-law liability for necessaries furnished. We do not say that such relief would be denied if the

wife had made no motion and obtained no order (*Naumer v. Gray,* 28 App. Div. 529, 534; *Horn v. Schmalholz,* 150 App. Div. 333). That question is not before us. She invoked a summary remedy, and must abide by the result. The power to award counsel fees is regulated by the same section of the Code which authorizes the award of alimony (Code Civ. Pro. § 1769). The rule is that alimony, when allotted, measures the husband's duty of support (*Crittenden v. Schermerhorn,* 39 Mich. 661, and cases there cited; *Hare v. Gibson,* 32 Ohio St. 33; *People ex rel. Comrs. of Charities v. Cullen,* 153 N. Y. 629, 637). The liability for counsel fees can be no broader (*Naumer v. Gray, supra*). Any other conclusion might lead in practice to gross abuses. There would be little end to litigation if such orders settled nothing.

The courts below have drawn a distinction between counsel fees in the two actions and counsel fees on the application to punish the husband for contempt. For the latter service, extra compensation of $468.40 has been awarded. We agree with the defendant's counsel that the distinction is untenable. The application to punish for contempt was not a special proceeding. It was a motion in the action (*Pitt v. Davison,* 37 N. Y. 235; *Jewelers' Merc. Agency v. Rothschild,* 155 N. Y. 255). It was, therefore, covered by the orders. Such motions are common incidents of matrimonial lawsuits. If extra labor follows, the remedy is to move for an increase of the allowance. In point of fact, the court did increase the allowance while the motion to punish for contempt was pending. There is no other liability.

The argument is made that by force of the agreement with the wife, the value of the services may be declared a lien upon the fine. But the fine was not subject to a lien. It was a substitute for the unpaid alimony (Judiciary Law, § 773; Consol. Laws, chap. 35; Code Civ. Pro. § 1773). The purpose of alimony is support.

Equity, which creates the fund, will not suffer its purpose to be nullified.   There were no exceptional circumstances here which made necessary an assignment of future alimony. if the suits were to proceed.   There was no occasion for such a pledge in order to procure for the wife the services of counsel.   She had at all times an adequate remedy by application to the court.   In such circumstances, equity, confining the fund to the purposes of its creation, declines to charge it with liens which would absorb and consume it (*Romaine* v. *Chauncey*, 129 N. Y. 566, 572; *Matter of Brackett*, 114 App. Div. 257; *Jordan* v. *Westerman*, 62 Mich. 170; *Matter of Williams*, 208 N. Y. 32).

The plaintiff's lien for money loaned stands, however, upon a different basis.   This lien was allowed, and, we think, rightly.   There was here no diversion of alimony from the purpose of its creation.   The husband would not pay, and the wife was destitute.   Her lawyer came to her rescue, and, upon her promise of a lien, supplied money for her support.   Instead of destroying the fund, he created it.   To the extent of his advances, he was subrogated to the remedy against the husband (*Romaine* v. *Chauncey, supra*; *De Brauwere* v. *De Brauwere*, 203 N. Y. 460; 144 App. Div. 521; 69 Misc. Rep. 472).

Other items of less importance are in controversy.   It is enough to say of them that they were properly disposed of in the court below.

The judgment should be modified by deducting $468.40 from the plaintiff's judgment against the husband Herbert G. Woolworth, and, as modified, affirmed without costs to either party.

HISCOCK, Ch. J., COLLIN, POUND and ANDREWS, JJ., concur; CUDDEBACK, J., dissents from modification; CRANE, J., takes no part.

Judgment accordingly.