FREDERICK E. KLEIN, Respondent, *v.* ROBERT B. DULA, JR., Also Known as ROBERT L. DULA, Appellant.

First Department, July 6, 1926.

Husband and wife — liability of husband for legal services rendered wife in action for separation and ancillary action — award of alimony and counsel fee fixes whole liability of husband for legal services — attorney cannot, therefore, sue husband to recover greater fee.

An attorney for a wife in an action for separation, in which the court has granted alimony and counsel fee, cannot recover from the husband for the services rendered to the wife in the separation action and in an ancillary action, for the determination of the court awarding alimony and counsel fee is a determination that the amount so awarded is the extent of the liability of the husband to provide necessaries for his wife, including counsel fees in these actions.

APPEAL by the defendant, Robert B. Dula, Jr., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of May, 1926, granting plaintiff's motion to strike out the separate affirmative defenses set forth in defendant's answer.

*Outerbridge Horsey* of counsel [*Jackson, Fuller, Nash & Brophy,* attorneys], for the appellant.

*Frederick E. Klein,* respondent in person.

FINCH, J. Plaintiff, an attorney, brought this action to recover the reasonable value of services rendered by him to the defendant's wife. These services, the complaint alleged, were rendered to the defendant's wife in an action brought against her husband for a separation and also in another ancillary action brought to obtain the setting aside of the transfer of certain securities, alleged to have been made by the husband to his father for the purpose of avoiding his obligation to support his wife. The defense is to the effect that plaintiff has been awarded in the action for separation, alimony and counsel fee; that the ancillary action was started after the application for alimony and counsel fee, which was made payable from the date of the application therefor, and that all the facts and circumstances involved in the ancillary action were brought to the attention of the Special Term in the action when it had under consideration the application for alimony and counsel fee. The question presented is whether the award of alimony to the wife in an action for a separation is a bar to this claim against the husband.

A consideration of this question naturally begins with the opinion of Judge CULLEN in *Naumer* v. *Gray* (28 App. Div. 529). There the husband was sued by a lawyer to recover the value of legal services rendered to the wife in the prosecution of an action by her against her husband for a separation. Mr. Justice CULLEN said: " I think from this collation of the decided cases it may fairly be said that the weight of American authority is in favor of the maintenance of an action like the present. To succeed in it the plaintiff must show affirmatively that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper. The remedy afforded the plaintiff to obtain in the divorce action alimony and counsel fees does not preclude the maintenance of this suit. In England it would seem that not only is such a remedy not exclusive, but that the solicitor may, in addition to the amount awarded him as counsel fees or expenses, recover of the husband such further sums as would be properly chargeable between the solicitor and his client. (2 Bish. Mar., Div. & Sep. § 973.) We should hesitate to accept such a rule, and be inclined to the opinion that, in case an application had been made in the divorce action and the court had therein determined the alimony and counsel fees to be awarded the plaintiff, such determination conclusively established the measure of the husband's liability."

The opinion thus expressed that an award of alimony furnishes the full measure of the husband's common-law liability to pay

for necessaries was followed in *Turner* v. *Woolworth* (221 N. Y. 425), where Judge CARDOZO, writing for the court, said:

" The chief question before us has to do with the husband's liability for counsel fees. He has paid all the fees awarded by order in the divorce suit. He has been adjudged liable for the unpaid fees awarded by order in the suit for separation, and also for the costs. The plaintiff says that this is not enough. There is a finding that the true value of the services is greatly in excess of the award. The question is whether the excess may be recovered from the husband.

" On motion of the wife in the divorce suit and again in the suit for separation, the court fixed the fees which the husband was to pay. She chose her tribunal and her remedy. The award then made became, with the costs of the action, the measure of her rights and of her husband's obligation. There was ample power to increase the award, if thereafter it appeared to be inadequate. That power, indeed, was exercised, and there were new orders from time to time. But until increased, the award was final. Counsel were no longer at liberty, disregarding the limit of the orders, to hold the husband to his common-law liability for necessaries furnished. We do not say that such relief would be denied if the wife had made no motion and obtained no order (*Naumer* v. *Gray,* 28 App. Div. 529, 534; *Horn* v. *Schmalholz,* 150 App. Div. 333). That question is not before us. She invoked a summary remedy, and must abide by the result. The power to award counsel fees is regulated by the same section of the Code which authorizes the award of alimony (Code Civ. Pro. § 1769).* The rule is that alimony, when allotted, measures the husband's duty of support (*Crittenden* v. *Schermerhorn,* 39 Mich. 661, and cases there cited; *Hare* v. *Gibson,* 32 Ohio St. 33; *People ex rel. Comrs. of Charities* v. *Cullen,* 153 N. Y. 629, 637). The liability for counsel fees can be no broader (*Naumer* v. *Gray, supra*). Any other conclusion might lead in practice to gross abuses. There would be little end to litigation if such orders settled nothing."

The respondent contends that an attorney may not recover for services performed for the wife in an action for absolute divorce because such services looked to the dissolution of the marriage, and, therefore, it has never been the policy of the law to imply from the marital relation any authority to bind the husband for the expense of such services; that such rule does not obtain in an action for separation and hence the authorities which deal with an action for divorce are not applicable, citing *Lanyon's Detective Agency* v. *Cochrane* (240 N. Y. 274). The authorities, however,

*Now Civ. Prac. Act, § 1169.— [REP.

do not seek to place the limitation of the obligation of the husband upon any such ground but upon the controlling principle involved, namely, that the decree fixing the amount of alimony and counsel fee marks the extent of the obligation of the husband for the support of his wife. If a wife may go outside the limitations of the liability of the husband fixed by the decree and compel the husband to pay for services of attorneys rendered in her behalf, there appears no reason why she may not likewise seek to compel her husband to pay for any other alleged necessaries, claiming that the amount of alimony awarded her was insufficient. In support of his contention the respondent cites the case of *Elder* v. *Rosenwasser* (238 N. Y. 427). In that case, however, the husband was liable for counsel fees incurred by the wife for the reason that no award of alimony had been made, and hence the liability of the husband for the support of his wife had not been confined to such alimony. The court, by Judge CRANE, was careful to point out such fact, stating:

" If the court had fixed the amount of alimony the husband's liability for the support of his wife would then have been confined to the figures stated. (*Turner* v. *Woolworth*, 221 N. Y. 425.) But the court made no allowance. The parties were left to their rights and liabilities existing at the beginning of the separation action. Whether the husband would be liable for the lawyer's services would depend in such a case upon his liability for other necessaries.

" Even though Mrs. Rosenwasser might have applied to the Supreme Court for a modification of the order of June 28, 1920, making her an allowance for lawyer's services in the criminal action and in the libel suit, yet she was not obliged to do so. In the absence of any allowance to her, she could rely upon her common-law right."

In the case at bar the plaintiff having duly applied for and been allowed an award of alimony, this was the extent of the common-law obligation of the defendant to provide necessaries for his wife. The obligation to pay attorney's fees is in the same category as any other necessary and determined by the same standard.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to strike out the defense denied, with ten dollars costs.

CLARKE, P. J., MERRELL, MARTIN and WAGNER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.