MARGARET FOX, Appellant, *v.* GEORGE L. FOX, Respondent.

(Submitted October 18, 1933; decided November 21, 1933.)

*David H. Moses* and *Albert A. Verrilli* for appellant. The court at Special Term had power under the statute to award counsel fees. (Civ. Pr. Act, § 1169; *McBride v. McBride*, 119 N. Y. 519; *Haddock* v. *Haddock*, 109 App. Div. 502; *Lake* v. *Lake*, 194 N. Y. 179; *Matter of Jetter*, 78 N. Y. 601; *Matter of Dietz*, 138 App. Div. 283; *Turner* v. *Woolworth*, 221 N. Y. 425; *People* v. *City Bank of Rochester*, 96 N. Y. 32; *White* v. *White*, 154 App. Div. 250.) The court at Special Term had inherent power as an incident to its jurisdiction in divorce cases to grant the order appealed from. (*Higgins* v. *Sharp*, 164 N. Y. 4; *Lake* v. *Lake*, 194 N. Y. 79; *North* v. *North*, 1 Barb. Ch. 241; *Brinkley* v. *Brinkley*, 50 N. Y. 184; *Griffin* v. *Griffin*, 47 N. Y. 134; *Jones* v. *Brinsmade*, 183 N. Y. 258.)

*Albert C. Jordan* for respondent. The status of husband and wife was dissolved by the final decree of divorce from which no appeal was taken and the allowance of alimony is the sole measure of support owed by the divorced husband under all circumstances. The court at Special Term had no power either by statute or common law to make the order. (*Matter of Ensign*, 103 N. Y. 284; *Turner* v. *Woolworth*, 221 N. Y. 425; *Lake* v. *Lake*, 194 N. Y. 179; *Farnham* v. *Farnham*, 227 N. Y. 155; *Naumer* v. *Gray*, 28 App. Div. 529; *Bishop* v. *Bishop*, 210 App. Div. 3; *Dumproff* v. *Dumproff*, 138 Misc. Rep. 298; *Wright* v. *Wright*, 139 Misc. Rep. 423.)

CROUCH, J. On November 25, 1930, the plaintiff was granted an interlocutory judgment of divorce, which became final on February 25, 1931. By its terms alimony was fixed at twelve dollars a week. Later the defendant moved for a reduction of alimony. The motion was denied and defendant appealed. Thereupon the plaintiff, with show of the requisite merits, moved for an allowance of counsel fees and the expenses of printing. The Appel-

late Division reversed an order granting the motion, and has certified the following question to this court: " Did the Special Term have power to award the plaintiff any sum as counsel fee in the order made? "

To sustain its decision the Appellate Division relied upon *Lake* v. *Lake* (194 N. Y. 179), where, at page 186, it was said that the case did not come " within the language of the statutory provision relating to counsel fees and the relation of husband and wife being *wholly* severed the court has no inherent jurisdiction to award counsel fees as an incident to its general statutory jurisdiction in matrimonial actions."

In an action for divorce, although the final judgment puts an end to the relation of husband and wife, the duty of the husband to support the wife may in substance be continued in the form of an award of alimony. (*Romaine* v. *Chauncey*, 129 N. Y. 566; *Wetmore* v. *Wetmore*, 149 N. Y. 520.) Under the present statute (Civ. Pr. Act, § 1170) the court is authorized at any time after final judgment to annul, vary or modify such an award; or, if there was no award, to make one by amendment. The application may be made by either party to the action upon such notice to the other as the court shall prescribe. A similar right was formerly secured by reservation of leave to apply at the foot of the judgment or otherwise. (*Cooledge* v. *Cooledge*, 1 Barb. Ch. 77; *Forrest* v. *Forrest*, 25 N. Y. 501; *People ex rel. Comrs. of Charities* v. *Cullen*, 153 N. Y. 629, 639; cf. 2 Abbott's New Practice, [1888] 915.) Under such a reservation, jurisdiction over the incidental subject-matter continued. (*Hauscheld* v. *Hauscheld*, 33 App. Div. 296; *People ex rel. Hauscheld* v. *Dunn*, 38 App. Div. 640; affd., 159 N. Y. 570.) The effect of the statute is to write a reservation into every final judgment of divorce. The jurisdiction of the court over the parties and over the incidental subject-matter is prolonged; and to that extent the action may be said to be pending within the meaning and intent of section 1169 of the Civil Practice Act.

There is nothing in *Lake* v. *Lake* (*supra*) in conflict with this conclusion. In that case the judgment of divorce contained no provision at all relating to alimony. Six months after the entry of final judgment, application was made among other things to insert such a provision. As the statute (Code Civ. Pro. § 1771) then stood, there was no authority to do that. Such authority came only with the enactment of chapter 240 of the Laws of 1925. With no authority, either statutory or by reservation, to deal with alimony after judgment, the court was without jurisdiction to grant counsel fees and properly so held.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. The question certified should be answered in the affirmative.

CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; POUND, Ch. J., not voting.

Ordered accordingly.