Helene L. Bayles, Plaintiff, *v.* Chester A. Bayles, Jr.. Defendant.

Supreme Court, Erie County, June 11, 1935.

*Howard P. Nagle,* for the plaintiff.

*Layton H. Vogel,* for the defendant.

Harris, J. During the year 1933 the parties hereto (who had then been married for several years) separated, and after their separation they entered into an agreement providing, among other things, for the payment of twenty dollars a week by the defendant to the plaintiff for her support and maintenance. Later the plaintiff brought an action for absolute divorce against the defendant, and an interlocutory judgment of such divorce was granted and entered in this court on the 18th day of December, 1933. At the hearing of the proof in such divorce action a statement was made by the plaintiff that she did not desire provision made for alimony in the interlocutory or final judgment because she felt that she was protected under the separation agreement. Intermediate the entry of the interlocutory judgment and the final decree of divorce, the parties hereto entered into negotiations for alteration of the separation agreement to which reference is made above. There is a dispute of fact as to whether or not such negotiations culminated in an amended agreement. The plaintiff now moves the court for an order modifying the interlocutory judgment to the following effect: " That the plaintiff be awarded $20.00 per

week alimony for her support and maintenance as provided by a separation agreement made between and signed by the parties under seal on August 4th, 1933."

From the moving papers it is apparently the intent of the moving parties that such separation agreement be incorporated in the interlocutory judgment. There is no warrant in law for such incorporation. The agreement was one made between husband and wife to have effect during their marital state, and such agreement ceased to be of effect on the coming into being of the divorce decree. So, in so far as the application is one to incorporate such agreement in the interlocutory decree, the motion must be denied. The defendant argues that the court has no power to alter or amend the decree in any way, but the authorities are against this contention. (See Civ. Prac. Act, § 1170, and *Fox* v. *Fox*, 263 N. Y. 68.)

It may be that if the parties will so agree, the motion herein may be considered as one to amend the interlocutory decree and the final decree by making provision for alimony for the plaintiff, after proper proof has been made before the court. If this be the understanding, then this court will take proof by such witnesses as the parties hereto may desire to produce. If the parties hereto do not agree upon this procedure, then it is better that the plaintiff be relegated to the making of a new motion for the amendment or modification of such decrees so as to provide for the payment of alimony if the court deems such amendment and modification advisable.