BENNETT E. SIEGELSTEIN, Respondent, *v.* DAVID STERNBERG, Appellant.

Supreme Court, Appellate Term, First Department, February 25, 1937.

*Benjamin C. Ribman,* for the appellant.

*A. M. Perkus,* for the respondent.

PER CURIAM. Plaintiff's supposed right of recovery can rest only on defendant's common-law liability for necessaries furnished his wife. But that liability was terminated by divorce. Under the statute (Civ. Prac. Act, § 1170) an application might have been made to the Supreme Court for counsel fees (*Fox* v. *Fox,* 263 N. Y. 68), but that does not aid plaintiff here.

Judgment and order of June 30, 1936, reversed, with ten dollars costs, and summary judgment directed for defendant, with costs.

Appeal from order denying reargument dismissed.

LYDON and HAMMER, JJ., concur; LEVY, J., dissents, with opinion.

LEVY, J. (dissenting). I dissent. The main question presented here is the right of an attorney to recover in a common-law action against the husband for legal services rendered to his divorced wife in an application for increase of permanent alimony. The wife of defendant appellant obtained a final decree on December 5, 1934. On January 15, 1936, the plaintiff, who did not represent the wife in the divorce action, proceeded as counsel on her behalf to secure an increase in the amount of permanent alimony for her support and that of an infant daughter who was in her custody. The net result of the proceeding instituted pursuant to section 1170 of the Civil Practice Act was a substantial increase over the former allowance. Plaintiff received no counsel fee in the proceeding, and after its termination brought an action to recover the reasonable value of his services. Upon a motion for summary judgment resulting in favor of plaintiff, the damages were assessed in the sum of $350. From a judgment for that amount defendant appeals.

The right of a divorced wife to obtain a counsel fee by motion under section 1170 of the Civil Practice Act has finally been settled by the decision in *Fox* v. *Fox* (263 N. Y. 68). That provision grants the court, after a decree of separation or divorce, the right to amend the final judgment in respect of the direction for the care and maintenance of any child of the marriage and for the support of the divorced wife. The Court of Appeals definitely decided that, notwithstanding the dissolution of the marriage relation, the court had jurisdiction to award counsel fees in connection with such an incidental application. The basis of jurisdiction was the verbiage of section 1170 itself. In the language of the Court of Appeals in the *Fox* case: " The effect of the statute is to write a reservation into every final judgment of divorce." Obviously, the reservation referred to is the court's right to amend

the award of alimony allowed by the final judgment. The effect of such reservation is further stated as follows: " The jurisdiction of the court over the parties and over the incidental subject-matter is prolonged; and to that extent the action may be said to be pending within the meaning and intent of section 1169 of the Civil Practice Act."

Is the right to be limited to an application for counsel fee upon merely the motion in the Supreme Court, or may a separate action, as here, upon the successful conclusion of the motion to amend the decree, be maintained? This would depend upon whether the services constitute a " necessary " for which the husband is obligated to pay. The main contention used to challenge the status of such counsel fees as necessaries is derived from such cases as *Naumer* v. *Gray* (28 App. Div. 529). That case, while sustaining the right of a wife's counsel to recover in a common-law action for services rendered her in a successful action for separation, contained a dictum to the effect that the rule would be otherwise if the marriage had been dissolved by divorce.

In *Mayper* v. *Harlan* (125 Misc. 123) the Appellate Term of this department endeavored to show that the *Naumer* case was mere dictum in its expression as to the right to bring an action for services rendered after the divorce had already been granted. We held that if the wife was entitled to the protection of the law in connection with an action for separation, she was equally fully entitled to like protection if forced by the very iniquitous conduct of her husband to institute an action for absolute divorce. The Appellate Division (215 App. Div. 767) reversed our determination on the authority of *Lanyon's Detective Agency, Inc.*, v. *Cochrane* (240 N. Y. 274). Upon appeal to the Court of Appeals the Appellate Division was sustained (242 N. Y. 537) without opinion. The reasoning of the Court of Appeals in the *Lanyon* case is extremely interesting because of its possible application to the instant case. The basis for holding that a common-law action for counsel fees against the husband, after the decree of divorce, for services in obtaining the very decree, could not be maintained, may be summarized from the court's approval of the language in *Morrison* v. *Holt* (42 N. H. 478), where it was said (at p. 480): " In order to charge the defendant in the present case, it is not sufficient for the plaintiffs merely to show that the defendant's misconduct gave occasion for the proceedings instituted by the wife, but it must also appear that those proceedings were necessary for the personal protection and safety of the wife. There is no evidence tending to show this: the proceedings were not had for her present or even future support as the defendant's wife, but

they were intended to dissolve the marriage contract and release her from the position of wife to the defendant, because of his past misconduct; they looked not to protection from any present or future act of her husband, but merely to the enforcement of a right to a change of future condition, that she claimed had arisen from his previous fault. It has not been the policy of our law to imply from the marital relation any authority in the wife to bind the husband for the expense of such proceedings; her implied authority, where it exists, seems to arise from the relation, if not as an incident essential to its preservation, certainly as a consequence of its continued existence, and not as a power reserved for its destruction. It is said that ' it is never necessary for the safety of the wife, as such, to obtain a divorce from her husband or to resist his obtaining one from her.' 2 Bishop's Mar. & Div., sec. 571."

It is to be observed that the provision which permits a post-decretal application for the support of the divorced wife was inserted by chapter 240 of the Laws of 1925, which did not go into effect until September first of that year. Therefore, when the Court of Appeals affirmed the *Mayper* case, it interpreted the law as it existed prior to the legislative amendment of 1925. But by statute the provision for the maintenance of the wife or for an increase in the amount of alimony was made a statutory " necessary " in that year. Consequently, a good deal of what was said on that subject in the quotation employed by the Court of Appeals in the *Lanyon* case seems no longer applicable. Since plaintiff rendered services in providing the wife with a necessary for which the divorced husband is obligated, his services must also be classified as a necessary for which the former husband is bound to pay.

The judgment should be affirmed.