KATE SIMON, Respondent, *v.* ARTHUR O. SIMON, Appellant.

Supreme Court, Appellate Term, First Department, January 20, 1939.

*Maurice M. Friedman,* for the appellant.

*Irving Shapiro,* for the respondent.

PER CURIAM. To the extent that recovery was allowed below for moneys expended by the plaintiff wife after the decree of divorce, the judgment is erroneous, since said decree fixed the full measure of the defendant's obligation both to the wife and the child and plaintiff's proper remedy was to move for a modification of the decree when the occasion arose for the making of additional expenditures. (*Turner* v. *Woolworth,* 221 N. Y. 425; *Elder* v. *Rosenwasser,* 238 id. 427; *Dravecka* v. *Richard,* 267 id. 180.) As Judge CALLAHAN, writing for this court in *Morris* v. *Birmingham* (142 Misc. 628), said (pp. 629, 630): " The principle * * * appears to be that plaintiff's right to suit here is a derivative one based on the rights of the children to support by their father. * * * If the * * * decree in the present case contained any provision with respect to the support of the children * * * such decree would be binding on this court and a bar to the present action." (See, also, *Kommel* v. *Karron,* 152 Misc. 294, 295.)

The case of *Laumeier* v. *Laumeier* (237 N. Y. 357) is distinguishable in that there the opinion repeatedly emphasized the fact

that the decree made no provision for the support of the child, and naturally so, for the child had not yet been born at the time of the decree. Although the court did employ certain language which might be construed as indicating that a provision in a matrimonial action for the support of a child is not binding in a subsequent common-law action brought on behalf of the child for moneys expended for the child's support, that was not the basis of the decision and the court at page 366 definitely refrained from determining what it would hold had an application been made after the birth of the child to the court which entered the decree.

In *Swanton* v. *Curley* (273 N. Y. 325), also relied upon by the plaintiff-respondent, the court held that the decree, properly interpreted, required the husband to pay a reasonable sum for the support of his daughter, and that plaintiff wife who claimed *that said decree had not been complied with* was not limited to the bringing of contempt proceedings to enforce the decree but was free to institute a common-law action for *arrears* under the decree. Although the opinion of the court does contain somewhat broader *dictum*, it does not evince an intent to overrule the principle of such cases as *Turner* v. *Woolworth* (*supra*); *Elder* v. *Rosenwasser* (*supra*); *Dravecka* v. *Richards* (*supra*), and other cases to the same effect previously decided by the same court.

To the extent that *Gellert* v. *Gellert* (128 Misc. 145; affd., 219 App. Div. 737) is in conflict with the views herein expressed the court is unable to agree with the holding in that case. Where an allowance has been made in a matrimonial action for the support of the child as well as of the wife, the wife should not be permitted to disregard the order and sue for necessaries furnished to the child in excess of the amounts fixed in said order with whose requirements the husband has been complying.

As to the expenditures made for the support of the child prior to the decree, the recovery was proper. There was no order in existence fixing the amount of defendant's obligation for the support of the child, and the evidence permitted a finding that the amount paid by stipulation between the husband and wife was inadequate. The child was not bound by said stipulation.

Judgment modified by reducing the same to $73.35, with interest on $59.35 from May 21, 1934, and on $24 from June 21, 1934, together with costs of the action, and as modified affirmed, without costs.

All concur. Present — HAMMER, FRANKENTHALER and NOONAN, JJ.