H. Tanner Olsen, Plaintiff, *v.* Ann M. Olsen, Defendant.

Supreme Court, Special Term, Queens County, February 24, 1950.

*Dorothy Frooks* for defendant.

*L. Arnold Weissberger* for plaintiff.

DALY, J. Since the commencement of this separation action by the husband, the defendant wife has been adjudged incompetent. The attorney, who had been representing her immediately prior to her commitment, now moves for an order directing the plaintiff husband to pay the cost of two medical experts to be retained in behalf of the defendant, and a counsel fee for proceedings to be brought to vacate the order adjudging defendant incompetent and to effect her discharge from the State hospital in which she is now confined.

Allowances have heretofore been made in this action both for counsel fees and for temporary alimony. Indeed, the moving attorney retains in her possession $5,800 of temporary alimony which she has recently collected from the plaintiff for the defendant. It is well settled that " alimony, when allotted, measures the husband's duty of support ". (*Turner* v. *Woolworth,* 221 N. Y. 425, 429; see, also, *Karminski* v. *Karminski,* 260 App. Div. 491.) This rule is applicable whether the alimony be temporary or permanent. (*Dravecka* v. *Richard,* 267 N. Y. 180.)

The case of *Zeff* v. *Zeff* (275 App. Div. 1064), cited by the movant is readily distinguishable. In that case it does not appear that alimony or counsel fees had been theretofore allowed. Moreover, that action was brought to obtain a dissolution of the marriage *on the ground of insanity* (Domestic Relations Law, § 7, subd. 5), and the defendant's mental condition was necessarily one of the issues involved. In the instant case the action is not based on insanity. It was brought on other grounds before defendant was adjudicated incompetent. Her present mental condition is not an issue in the case.

The motion is denied. Settle order on notice.