Henry Epstein, J.
The original separation action between these parties was tried before me. The wife was granted a separation, with $50 a week alimony for herself and for the support of the children of the marriage. The husband was also ordered to pay medical and dental expenses to the extent of $100 a year for the children.
Shortly thereafter, the husband moved to reduce the alimony payments and the wife cross-moved for a reasonable attorney’s fee to oppose the motion and for a plenary hearing on the issue *981 of the husband’s earnings. This motion and cross motion were denied.
After denial of the cross motion for a counsel fee to oppose the motion to reduce alimony, counsel for the wife brought an action in the Municipal Court to recover for legal services on the ground that they were necessaries. The defense was res judicata. The Municipal Court granted a stay of the trial to permit plaintiff to move in this court to obtain a clarification of the denial of the application for a counsel fee and to determine whether it was with or without prejudice.
The present motion seeks the following relief: (1) that the judgment be amended by adding a decretal paragraph providing that the $50 a week not relieve the husband of his common-law obligation to provide legal services; (2) to indicate that the denial of cross motion for legal services was without prejudice.
A judgment of separation may be modified at any time ‘ ‘ as justice requires” (Civ. Prac. Act, § 1170). Legal services rendered to a wife may, under various circumstances, be classified as necessaries for which a husband is liable (Elder v. Rosenwasser, 238 N. Y. 427).
A husband’s marital liability is measured and fixed by the terms of the alimony order in the separation action and remains unless subsequently modified. Once the court has fixed the amount of alimony, the husband’s liability for the support of his wife is confined to the figure stated (Elder v. Rosenwasser, supra, pp. 431, 432). “ The word ‘ support,’ as used in the statute and as used in the last cited case, means the supply of necessaries. Necessaries are not limited to food, clothing and a habitation ” (Dravecka v. Richard, 267 N. Y. 180, 183).
Section 1169 of the Civil Practice Act authorizes the allowance of counsel fees to a wife in an action for divorce, separation or annulment and it has been construed to justify an award of counsel fees in opposing an application to modify the alimony provision of a final judgment in a matrimonial action (Fox v. Fox, 263 N. Y. 68).
The question of a counsel fee has been considered by this court in the light of the statutory authorization for same under the facts presented and it was denied. The original judgment of separation requires no clarification. The provisions of section 3169 of the Civil Practice Act make unnecessary either a modification or a clarification.
As to the second request for relief — viz., that the denial was without prejudice to proceed at law for relief, — it, too, is denied. Under the view of this court indicated above, support means necessaries and necessaries include legal services to the *982 wife. The measure of support has been fixed in the judgment of separation. The cross motion for counsel fees was denied in the discretionary power of the court. The court has considered Ehrlich v. McKee (170 Misc. 222, affd. 258 App. Div. 715).
Motion is in all respects denied.