Maxwell Shapiro, J.
This action was tried before the court, without a jury. It is brought by an attorney and counsellor at law to recover the reasonable value of legal services rendered in behalf of the defendant’s wife and children, on the ground that such services constitute necessaries for which the defendant is liable.
The facts, so far as they are material to a determination of this action, are as follows:
On January 6, 1947, during the pendency of an action for a separation brought by Marian Joan Stafford (hereinafter referred to as the “wife”) against William F. Stafford, Jr., the defendant herein (hereinafter referred to as the “husband ”), the parties entered into a separation agreement which dealt with the support and maintenance of the wife; the support, maintenance and care of the issue of the marriage and with numerous other matters relating to their personal and property rights. The agreement referred expressly to the pending separation action; provided that the provisions thereof, to the extent that they might be acceptable to the court, might be incorporated in, ratified and approved by any final decree of separation, and further provided for the payment of legal fees to the wife’s attorneys for the entire cost of their services in the separation action and in making and preparing the separation agreement.
Thereafter, and on February 11,1947, a judgment was entered in the Supreme Court of the State of New York, County of Nassau, granting the wife a separation. Amongst the provisions of the separation agreement which the court incorporated in the judgment were those providing for the payment by the husband to the wife of the sum of $600 a month for her support and maintenance and the sum of $300 a month for the support, maintenance and care of the issue of the marriage.
Between in or about June 12, 1957, and December 5, 1957, the plaintiff undertook to and did perform services in behalf of the wife and the issue of the marriage. These services consisted of making a motion to modify the judgment of separation *788 by increasing tbe amount therein provided for the support of the wife and for the support, maintenance and care of the issue of the marriage, and in opposing a cross motion by the husband to modify the said judgment by reducing those amounts. Both the motion and the cross motion were referred to an Official Beferee to hear and determine, and thereafter the plaintiff represented the wife at the hearing before the Official Beferee. The hearing culminated in an order of the Official Beferee dated December 5, 1957, granting the wife’s motion to modify the judgment of separation by substantially increasing the payments therein provided, and denying the husband’s cross motion to modify the said judgment by reducing those payments. The husband appealed from the said order, and at the time of this trial, the appeal, although argued, had not been decided by the Appellate Division. Subsequently, the appeal was decided and resulted in a modification of the order appealed from by reducing the amount of the increase granted therein on the ground that they were larger than warranted by the circumstances. Except as so modified, the order appealed from was affirmed. (Stafford v. Stafford, 6 A D 2d 893.) On appeal to the Court of Appeals the order of the Appellate Division was affirmed. (Stafford v. Stafford, 5 N Y 2d 960.)
The complaint herein sets forth two causes of action. In the first the plaintiff seeks to recover the sum of $6,000 for the services rendered by him between on or about June 12, 1957 and December 5, 1957, in prosecuting the wife’s motion for an increase in the amount of support and maintenance for herself and for the support, maintenance and care of the issue of the marriage; in the second the plaintiff seeks to recover the sum of $6,000 for the services rendered by him between on or about August 1, 1957 and December 5, 1957, in opposing the husband’s cross motion for a reduction of those amounts.
The answer herein sets forth what is in effect a general denial of the material allegations of the complaint, and in addition thereto several affirmative defenses. In one of said defenses the defendant asserts that the judgment of separation of February 11, 1947, is a bar to the plaintiff’s recovery in this action.
The nature, extent and reasonable value of the legal services performed by the plaintiff were the subject of extensive testimony upon the trial of this action. Before any consideration can be given to the value of the services performed by the plaintiff, this court must first determine whether under the circumstances herein presented the plaintiff has a- right to commence an independent action against the husband to recover for the *789 services performed by him or whether he is required to seek compensation for such services by way of a motion for counsel fees in the matrimonial action itself.
Pursuant to section 1170 of the Civil Practice Act, the court is authorized at any time after final judgment to annul, vary or modify the directions contained therein for the custody, care, education and maintenance of any of the children of the marriage or for the support of the wife. The effect of this section is to prolong the jurisdiction of the court over the parties to and over the incidental subject matter of an action for a divorce or separation, and to that extent the action may be said to be pending within the meaning and intent of section 1169 of the Civil Practice Act. (Karlin v. Karlin, 280 N. Y. 32; Fox v. Fox, 263 N. Y. 68.)
Section 1169 of the Civil Practice Act provides: “In an action for separation * * * the court, in its discretion, during the pendency thereof, from time to time, may make and modify an order or orders requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action, or to provide suitably for the education and maintenance of the children of the marriage, or for the support of the wife, having regard to the circumstances of the respective parties. ’ ’
The word “ support ” as used in section 1169 means the supply of necessaries, and necessaries are not limited to food, clothing and habitation. (Dravecko v. Richard, 267 N. Y. 180.) Legal services rendered in behalf of a wife in a matrimonial action fall into the same category as any other, necessary, and the husband’s liability therefor is to be determined by the same standard as his liability for other necessaries. (Weidlich v. Richards, 276 App. Div. 383 and the numerous cases therein cited.)
In the case at bar, at the time the plaintiff performed his services, there was in existence, and had been for many years, a judgment of separation fixing the amount the husband was required to pay for the support and maintenance of his wife and children. The court having thus fixed and measured the amount of alimony the husband was required to pay, his liability to support the wife and the issue of the marriage and furnish them with necessaries was confined to the figure stated and so remained unless subsequently modified. (Dravecko v. Richard, supra; Elder v. Rosenwasser, 238 N. Y. 427; Turner v. Woolworth, 221 N. Y. 425; Karminski v. Karminski, 260 App. Div. 491; Deitch v. Deitch, 12 Misc 2d 980; Simon v. Simon, 170 Misc. 420.)
*790 In Nardozzi v. Gooding (73 N. Y. S. 2d 784, affd. 273 App. Div. 823) an attorney brought an action against a father for legal services rendered in the defense of a habeas corpus proceeding instituted by the father for the custody of his child, on the theory that such services were for the benefit of the child and thus constituted necessaries for which the father was liable. As a defense to this action the father alleged that there was a separation agreement between himself and his wife, which was incorporated in a Nevada divorce decree and which provided for a monthly sum for the support, maintenance and education of the child. He contended that such provision was exclusive and defined his total liability for the child’s necessaries. In denying a motion to dismiss this defense as legally insufficient, the court says (73 N. Y. S. 2d 785): “The divorce decree did not relieve the father of his duty to support but upheld it by measuring his liability and fixing an amount which according to the Court’s judgment was adequate; the amount so fixed is flexible and subject to modification to meet arising exigencies. * * * Any other conclusion might lead to continued litigation and divorce decrees would settle-nothing.”
In Boller v. Crider (31 N. Y. S. 2d 987) the court held that a physician was not entitled to recover from the defendant for services rendered to the defendant’s wife after the entry of an order awarding the wife temporary alimony in a separation action, on the ground that such order was the measure of the defendant’s obligation. (See, also, Karminski v. Karminski, supra; Klein v. Dula, 217 App. Div. 473; Buckler v. Wolman, 190 Misc. 916.)
In Klein v. Dula (supra) the court says (217 App. Div. 476): “If a wife may go outside the limitations of the liability of the husband fixed by the decree and compel the husband to pay for services of attorneys rendered in her behalf, there appears no reason why she may not likewise seek to compel her husband to pay for any other alleged necessaries, claiming that the amount of alimony awarded her was insufficient.”
The foregoing rule is applicable whether the action be one for a divorce or a separation, Klein v. Dula (supra) or whether the alimony awarded be temporary or permanent (Olsen v. Olsen, 197 Misc. 450).
Since the judgment of separation herein limited the liability of the husband for all expenses for the support and maintenance of the wife and the issue of the marriage until such judgment was subsequently modified, and since the authority to modify such judgment is expressly conferred by statute upon the court which has jurisdiction of the matrimonial action, this *791 court concludes that the payment of compensation for those services for which the plaintiff seeks to recover in this action must be granted by the court having jurisdiction of the matrimonial action upon application therefor made at the proper time. (Simon v. Simon, 170 Misc. 420, supra) cf. Siegelstein v. Sternberg, 162 Misc. 388.)
In arriving at the foregoing conclusion, I am not unmindful of the ease of Horn v. Schmalholz (150 App. Div. 333) and the case of Hauser v. Hauser (154 N. Y. S. 1072, affd. 176 App. Div. 916) which latter case relies solely upon the former for its authority. Both of these cases, however, were decided prior to Dravecko v. Richard (267 N. Y. 180, supra); Elder v. Rosenwasser (232 N. Y. 427, supra) and Turner v. Woolworth (221 N. Y. 425, supra) and in the light of these later decisions can no longer be considered as controlling. Moreover, an analysis of Horn v. Schmalhols (supra) reveals that the authority relied upon by it does not support the conclusion reached therein. The court in Horn v. Schmalholz (supra), relied entirely upon the holding in Naumer v. Gray (28 App. Div. 529) which is authority only for the proposition that an attorney may recover from a husband, in an action at law, compensation for services rendered a wife in a separation action, where he has carried on that action in the wife’s behalf in good faith and upon probable cause. In Naumer v. Gray (supra) the court did not have before it, nor did it give consideration to a situation where there was a final judgment entered in a matrimonial action •fixing the measure of the husband’s duty to support the wife. In fact, the plaintiff in the separation action upon which Naumer v. Gray (supra) was based, had voluntarily returned to her husband and effectually put an end to the matrimonial litigation before the entry of a final judgment. (Naumer v. Gray, 41 App. Div. 361.)
Nor is the plaintiff aided by the fact that in the second cause of action set forth in the complaint herein he seeks to recover for services rendered by him in opposing the husband’s cross motion for a reduction in the amount of support and maintenance. Services rendered to a wife to compel the fulfillment of the husband’s marital obligations are necessaries for which the husband is liable. (Matter of Freundlich, 112 N. Y. S. 2d 653.) Thus where the husband, by his affirmative action and contrary to the custody provisions of a matrimonial decree, retains a child, thus necessitating a habeas corpus proceeding against him, the wife’s attorney may maintain an independent action against the husband for the services rendered therein by him. (Cohen v. Kosch, 196 Misc. 1057.) However, a motion by *792 the husband for a reduction of the alimony he is required to pay pursuant to a judgment of separation, cannot be considered such affirmative action as defeats or impairs the rights of the wife under a judgment of separation as would entitle the wife’s attorney to maintain an action against the husband for his services in opposing such a motion. In fact, such a motion is expressly authorized by section 1170 of the Civil Practice Act.
Moreover, in opposing the cross motion of the husband, the plaintiff performed precisely the same services he would necessarily have to perform in successfully prosecuting the wife’s motion for an increase in the amount of support; that is, establish a complete and correct picture of the husband’s financial condition. That this is so, is evident from the fact that the identical facts alleged in the wife’s reply affidavit in support of her motion for an increase were also alleged in opposition to the husband’s cross motion for a decrease. The plaintiff himself is aware of this fact, for although he demands $6,000 in his first cause of action for the services he performed in connection with the wife’s motion and an additional $6,000 in his second cause of action for the services he performed in opposing the husband’s cross motion, in his prayer for relief he demands a single recovery of $6,000 for all the services performed by him. Be that as it may, for the reasons above stated, the only remedy available to the plaintiff to obtain compensation for the services he rendered in opposing the husband’s cross motion for a reduction was to make application at the proper time to the court which had jurisdiction of the matrimonial action. (Cf. Fox v. Fox, 263 N. Y. 68, supra.)
Accordingly, I find judgment for the defendant.