HARRY GOLDBERG and Another, Copartners, Engaged in the Practice of Law under the Firm Name and Style of GOLDBERG & LEVITT, Appellants, *v.* SAMUEL KELLER, Respondent.

Second Department, October 21, 1932.

*Arthur Levitt* [*A. Alvin Vinegar* with him on the brief], for the appellants.

*Matthew Feldman,* for the respondent.

PER CURIAM. The wife of the defendant procured a judgment of separation against him with a provision for alimony at the rate of seventeen dollars and fifty cents per week. There had been no application for alimony *pendente lite* or for counsel fees. Subsequent to the entry of the judgment the defendant on several

occasions failed to pay the alimony granted and it was necessary to begin contempt proceedings to compel him to pay. Likewise, the defendant made several motions, unsuccessful in their result, for a reduction of the alimony. These the wife was compelled to resist through her attorneys, who rendered services at her request but on the credit of her husband, she being without means.

The plaintiffs sued the husband to recover for the services so rendered. There is uncontradicted proof that the value of such services was $500. On the trial, judgment was directed in favor of the defendant. (138 Misc. 555.)

The doctrine seems well established in this State that legal services rendered to a wife for her protection, even though she is separated from her husband, are necessaries for which the attorney may recover. (*Elder* v. *Rosenwasser*, 238 N. Y. 427; *Lanyon's Detective Agency* v. *Cochrane*, 240 id. 274, 277.) Particularly is this true where the action is brought by the wife for a separation, or proceedings are undertaken after judgment therein to protect her rights. (*Naumer* v. *Gray*, 28 App. Div. 529; *Horn* v. *Schmalholz*, 150 id. 333.) This common-law right may be waived or defeated if the party or her attorneys have applied for the summary remedy of counsel fees. Then the value of their services is measured by the sum so awarded. (*Turner* v. *Woolworth*, 221 N. Y. 425.) The doctrine of the *Turner* case cannot be applied here, for no summary remedy was invoked and the right of action at common law subsists.

Plaintiffs' exceptions should be sustained; the order of the Appellate Term affirming the judgment of the Municipal Court should be reversed on the law, with costs, the judgment of the Municipal Court reversed, with costs, and judgment directed for the plaintiffs in the action in the sum of $500, with costs.

LAZANSKY, P. J., KAPPER, SCUDDER, TOMPKINS and DAVIS, JJ., concur.

Plaintiffs' bill of exceptions sustained and order of Appellate Term affirming judgment of the Municipal Court reversed on the law, with costs, judgment of the Municipal Court reversed, with costs, and judgment directed for the plaintiffs in the action in the sum of $500, with costs.