CLEMEN J. EHRLICH, Appellant, *v.* RALPH H. McKEE, Respondent.

Supreme Court, Appellate Term, First Department, February 2, 1939.

*Gustave Simons*, for the appellant.

*Bregman & Bregman* [*Victor Salitan* of counsel], for the respondent.

PER CURIAM.   The statement in *Turner* v. *Woolworth* (221 N. Y. 425) that where a counsel fee has been allowed in a matrimonial action, the sole remedy in order to obtain compensation for extra labor is to move to increase the allowance, has been held by this court not to apply to legal services rendered for the purpose of enforcing the *final* judgment.   (*Kommel* v. *Karron*, 152 Misc. 294.) *A fortiori*, the statement does not apply to services rendered on an appeal to the Court of Appeals from a final judgment of the Appellate Division dismissing the wife's complaint.   Plaintiff's assignor was, accordingly, under no obligation to apply for a counsel fee for the purpose of prosecuting said appeal.   Nor does the fact that he did make such application constitute a bar to the present common-law action for the reasonable value of the services rendered on the appeal, in view of the fact that the application was denied. (*Elder* v. *Rosenwasser*, 238 N. Y. 427.)   Had the application been granted, it is true, the fee allowed would have constituted the full measure of the defendant's liability.   Order reversed, with ten dollars costs, defendant's motion denied; plaintiff's motion granted, damages to be assessed by the court below.

All concur.   Present — HAMMER, FRANKENTHALER and NOONAN, JJ.