EDWARD J. STARK, Plaintiff, *v.* ALFRED V. PROCIDA, Defendant.

Municipal Court of the City of New York, Borough of The Bronx,
December 22, 1954.

*Edward J. Stark,* plaintiff in person.

*Francis J. Lapatino* for defendant.

LORETO, J. This action has been brought to recover the reasonable value of legal services rendered in behalf of defendant's wife asserted to be necessaries.

The services claimed are divided in three categories: (1) the making of several applications in the Supreme Court for an increase of alimony awarded after final decree and for leave to appeal, in each instance accompanied with an application for an award of counsel fee, (2) the defense of an action brought against both husband and wife by a doctor and (3) the conducting of negotiations for a settlement in the modification of the decree.

The defendant has interposed a general denial and affirmative defense of *res judicata* and payment.

The plaintiff has moved for an order striking out the answer as sham and frivolous and for summary judgment directing an assessment of the plaintiff's claim. The defendant has moved separately for a dismissal of the complaint and for judgment.

It appears the Supreme Court awarded to the plaintiff the sum of $350 as counsel fee on the entry of its decree of separation, which sum has been paid, and that all subsequent applications before the Supreme Court for further allowances of counsel fee, except the last, were disallowed. The last order of the Supreme Court made on April 9, 1954, grants " $200 for expenses and counsel fees to be paid within fifteen days after printer's galley proof of the proposed printed papers on appeal are served on defendant's attorney ". These papers were never served.

The court is of the opinion that those rulings by the Supreme Court disallowing an award for attorney's services in those instances preclude a subsequent application based on a common-law liability as here asserted. The plaintiff argues that this would be so only if a counsel fee had been allowed and cites the case of *Ehrlich* v. *McKee* (170 Misc. 222). The Appellate Term sustains his position and the result is affirmed (258 App. Div. 715 [1st dept.]) without opinion.

However, the court does not believe that citation would reflect the present view of that court and would be controlling authority at this time of the facts at bar. In arriving at this conclusion it would be helpful to consider the several instances when a common-law action for legal services rendered in a matrimonial suit might be instituted. First, would be the case where an application has been made and allowance granted in the Supreme Court; second, would be the case where an application has been made and no allowance awarded by the Supreme Court and third, where no application has been made in the Supreme Court.

It has been held that the claim for legal services rendered in a marital litigation is incidental to and derivative through the wife's rights arising out of her conjugal status based on the husband's obligation to provide her with necessaries. Under the Civil Practice Act (art. 70) the Supreme Court is vested with authority to determine both, although as to the claim for legal services, admittedly it does not possess exclusive jurisdiction.

The question then is under what circumstances does a common-law action for legal services rendered in a matrimonial suit lie. Under the first situation mentioned where an application has been made and allowance granted by the Supreme Court in connection with the matrimonial litigation, it is readily conceded that the allowance granted is conclusive. A fortiori, the same result would follow even if it were claimed that the Supreme Court allowance was inadequate. For it would be contrary to recognized principles of law and procedure to permit the issue to be relitigated at nisi prius in an attempt thereby to increase the award. The only relief that remains to the aggrieved attorney perforce lies in appeal (*McAlonen* v. *McAlonen,* 278 App. Div. 716).

In determining the second situation above mentioned, which is that at bar, some guidance may be found in considering the third, clearly the strongest case of the three mentioned for

allowing a separate suit for legal services rendered in a marital litigation, since in such case no prior application therefor has been made and of course no award granted.

Here, note should be made of the recent case of *Weidlich* v. *Richards* (276 App. Div. 383), where no application had been made *pendente lite* for counsel fee for legal services rendered prior to final decree, which was adverse to the wife, and the subsequent action at law by the attorney to recover the reasonable value of those services was dismissed. The opinion in that case sets forth the sound reasons based on policy and justice for its decision. It is difficult to conclude that the same appellate court would at this time not preclude the suit at bar for legal services rendered after final decree, where application for an allowance therefor had been made before the Supreme Court and denied and the legal services resulted in no benefit to the wife. The decision and reasoning in the *Weidlich* case indicates a departure by the Appellate Division of this department from its holding in the *Ehrlich* case.

This result would make for accord with the Appellate Division of the Second Department on the facts at bar, where in the case of *Krull* v. *Caldwell* (259 App. Div. 1049) it held contrary to the *Ehrlich* case with opinion. It stated that the order denying the summary application for counsel fees precluded a separate suit for the recovery of legal services up to that application. It further declared that where no summary remedy for legal services rendered had been invoked, the common-law right of action subsists.

" This common-law right may be waived or defeated if the party or her attorneys have applied for the summary remedy of counsel fees " (*Goldberg* v. *Keller,* 236 App. Div. 541, 542).

In *Turner* v. *Woolworth* (221 N. Y. 425) it was held (CARDOZO, J.) that such applications are common incidents of matrimonial suits and as there resides ample power in the Supreme Court to award counsel fee, the plaintiff in choosing his tribunal and his remedy, must abide by the result. " Any other conclusion might lead in practice to gross abuses. There would be little end to litigation if such orders settled nothing " (p. 429). This reasoning is the complete answer to the first portion of the plaintiff's claim.

Therefore, the court holds that the plaintiff is concluded to the claim for legal services above mentioned in category (1) and therefore that portion of his claim is dismissed. As the remain-

ing services relate to matters not heretofore presented to the court for relief, the common-law action lies. Since all the elements necessary to establish such a suit have not been conceded, the plaintiff's motion for summary judgment thereon is denied.

The defendant's motion is granted to the extent that the claim for services in category (1) above mentioned is dismissed.