PHILIP HANDELMAN, Appellant-Respondent, *v.* STEPHEN PEABODY, Respondent-Appellant.

First Department, May 10, 1955.

*Eugene J. Keogh* of counsel (*Thomas P. Dougherty* with him on the brief; *Halpin, Keogh & St. John,* attorneys), for plaintiff-appellant-respondent.

*Thomas I. Sheridan, Jr.,* of counsel (*Louis Flato* with him on the brief; *Hartman, Sheridan & Tekulsky,* attorneys), for defendant-respondent-appellant.

*Per Curiam.* The order and judgment appealed from should be reversed and the motion for summary judgment denied, with costs to defendant-appellant. There were triable issues as to the fee arrangements and payments between plaintiff and his client

in the matrimonial litigation and as to whether the services rendered by plaintiff to the wife in that litigation were necessary services for which the defendant is responsible.

We must also express disapproval of the procedure adopted by plaintiff in this case. To bring a separate action, on the theory of necessaries, for legal services rendered to a wife in matrimonial litigation, instead of pursuing the usual course of obtaining an allowance for attorney's fees in connection with an application for temporary alimony, needlessly adds to the proceedings and burden upon the court and parties. The normally adequate and appropriate procedure is to obtain an allowance for the necessary legal services in connection with the application for temporary alimony, and, if the extent of those services cannot be adequately estimated and evaluated at that time, a reservation may be made of the right to apply to the trial court for a further allowance. The trial court is in the best position to evaluate the services and determine whether an additional allowance should be made.

A subsequent separate and independent action is not as appropriate or convenient a means of passing upon the value of legal services and is unnecessarily duplicative.

We should add for the benefit of the court on any further consideration of this matter, that if plaintiff establishes his right to payment from the defendant, the award should not exceed $5,000 as the reasonable value of the services rendered.

PECK, P. J., COHN, CALLAHAN, BASTOW and BOTEIN, JJ., concur.

Judgment and order unanimously reversed, with costs to the defendant-appellant and the motion for summary judgment denied. Settle order on notice.