George P. Stier, J.
This action was brought by plaintiff for a judgment of separation on the ground of cruel and inhuman treatment.
The action was commenced by the personal service of a summons and complaint upon defendant on or about October 7, 1959. Issue was joined by the service of defendant’s answer on October 20,1959, consisting of a general denial. At the trial the defendant did not appear or testify on his own behalf but interposed the defense that this marriage had been dissolved by a judgment of divorce rendered by the Circuit Court of Madison County, Alabama, on December 2, 1960.
The parties hereto were married in Madrid, Spain, on August 8, 1958. The plaintiff, with her daughter by a prior marriage, entered the United States on December 5, 1958, and lived with defendant at 8326 Vietor Avenue, Elmhurst, New York. During the period of time the parties lived together at the above address as husband and wife, friction developed between them to such a point that defendant sought to have plaintiff sign an agreement for an annulment of their marriage, which she refused to do. During the Summer months of 1959 the defendant, who had been employed by Kollsman Instrument Corporation, made application for employment with the Army Ballistic Missile Agency at Huntsville, Alabama, and was accepted for such employment to commence on or about December 1, 1959.
Relations between the parties continued to deteriorate until September 8, 1959, when defendant violently assaulted plaintiff, *279 inflicting injuries to her necessitating medical treatment. The plaintiff thereafter instituted this action for separation, as above stated.
On November 9, 1959, this court signed an order for the arrest of the defendant on the ground that he was preparing to depart from this State, and pursuant to said order defendant was arrested on November 10, 1959, but was released from such arrest upon furnishing cash bail in the sum of $3,504 on November 19,1959.
Defendant’s sister, who testified in his behalf at this trial, stated that he left New York on November 19, 1959, by automobile for Huntsville, Alabama, stopping en route in Virginia to visit with his sister’s daughter there for about two or three days, arriving in Alabama about three to five days after leaving New York. Plaintiff received two letters from defendant, one dated November 20, 1959, and the other dated December 7, 1959, giving his address as 6714 Dartmouth Street, Forest Hills (his sister’s address).
On March 12, 1960, plaintiff received by mail a summons and complaint, dated March 2, 1960, from the Circuit Court of Madison County, Alabama. This action was apparently abandoned. On October 29, 1960, plaintiff received by mail another summons and complaint, dated October 20, 1960, from the same Circuit Court of Madison County, Alabama. She did not appear in that action either personally or by attorney. The complaint attached to the summons issued by the Register of the court on March 2,1960, alleged “ 1. Complainant is 48 years of age, of sound mind and domiciled in the City of Huntsville, County of Madison and State of Alabama, where he is and has been legally resident and where he is and has been gainfully employed since the 1st day of December, 1959 ”. (Emphasis supplied.) The bill of complaint, attached to the summons issued by the Register of the court on October 20, 1960, alleged “ 1. Complainant is over twenty-one years of age, of sound mind and is and has been a resident of the City of Huntsville, County of Madison and State of Alabama for more than one year continuously next preceding the filing of this bill ’ ’.
A State of domiciliary origin is compelled to recognize a divorce rendered in another State upon constructive service of process and without personal jurisdiction of the defendant under the full faith and credit clause (U. S. Const., art. IV, § 1) only if the court of the other State had jurisdiction to enter the judgment. As stated in Williams v. North Carolina (325 U. S. 226, 230, 232): “As to the truth or existence of a fact, *280 like that of domicil, upon which depends the power to exert judicial authority, a State not a party to the exertion of such judicial authority in another State but seriously affected by it has a right, when asserting its own unquestioned authority, to ascertain the truth or existence of that crucial fact. * * * In short, the decree of divorce is a conclusive adjudication of everything except the jurisdictional facts upon which it is founded, and domicil is a jurisdictional fact.” (See, also, Bell v. Bell, 181 U. S. 175, cited with approval in Williams v. North Carolina, supra; Halvey v. Halvey, 330 U. S. 610.)
Section 29 of title 34 of the Code of Alabama provides: “ If defendant a nonresident, a year’s residence by plaintiff must be proved.— When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved; provided however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action.”
The Supreme Court of Alabama held in Martin v. Martin (173 Ala. 106) that the requirements of the statute for one year’s residence next preceding the filing of the bill of complaint is a jurisdictional prerequisite to a valid decree and that such a judgment or decree is subject to collateral attack. Since Alabama permits collateral attack on its judgments or decrees because of lack of jurisdiction, our court has the same power as theirs.
As stated in Halvey v. Halvey (330 U. S. 610, 614): “ So far as the Full Faith and Credit Clause is concerned, what Florida could do in modifying the decree, New York may do. * * * If the court of the State which rendered the judgment had no jurisdiction over the person or the subject matter, the jurisdictional infirmity is not saved by the Full Faith and Credit Clause.” (See, also, Matter of Johnson, 301 N. Y. 13; Matter of Lindgren, 293 N. Y. 18; Smith v. Smith, 190 Misc. 298, affd. 272 App. Div. 1076, 273 App. Div. 984, affd. 298 N. Y. 872; Camp v. Camp, 21 Misc 2d 908; Matter of Veltri, 202 Misc. 401.)
The evidence adduced at this trial conclusively establishes that the defendant was a resident of New York State until at least November 19, 1960, and did not establish his residence in Alabama until several days thereafter. The summons and bills of complaint filed in the Circuit Court of Madison County, Alabama, likewise reveal that defendant was not a bona fide resident of Alabama for one year next before the filing of the bill, and, accordingly, Alabama lacking jurisdiction could not grant a valid decree of divorce binding upon this court. There *281 being no valid decree of divorce binding on this court it has jurisdiction to render a judgment for separation and alimony.
At the conclusion of the trial the plaintiff’s attorney contended that she was also entitled to a judgment of support under the provisions of section 1170-b of the Civil Practice Act. While this court has the power to render judgment for support under section 1170-b of the Civil Practice Act, it cannot do so unless this court also finds that there was a valid judgment of divorce rendered in another State and but for the said divorce a judgment of separation would have been granted. (Vanderbilt v. Vanderbilt, 354 U. S. 416; Estin v. Estin, 334 U. S. 541.) This court having found that there was no valid decree of divorce rendered by the courts of another State which must be recognized and given full faith and credit under the Constitution of the United States, it, therefore, has no power to grant a judgment for support under the said section. (Meenan v. Meenan, 286 App. Div. 775, affd. 2 N Y 2d 802.)
This court finds that the plaintiff has sustained the burden of proof and is entitled to a judgment of separation and alimony. The court finds that defendant has sufficient income and that the plaintiff is entitled to alimony in the sum of $60 per week. The application of counsel for the plaintiff who was substituted for the original attorney for the plaintiff for additional counsel fees is not entitled thereto since the order granting alimony pendente lite and counsel fee did not so provide.