Abraham N. Geller, J.
Plaintiff seeks, in her first cause of action, a judgment declaring the nullity of defendant husband’s Nevada divorce and of his subsequent marriage to the codefendant and, in her second cause of action, a judgment of separation on the grounds of abandonment, nonsupport and adultery.
The undisputed facts established — and defendants concede — that the husband did not acquire a bona fide domicile sufficient to support the Nevada judgment of divorce obtained without an appearance therein by the wife. Both the divorce and the subsequent remarriage must therefore be held to be invalid.
Defendants, however, plead a defense of equitable estoppel by laches to the effect that, assuming the invalidity of the Nevada divorce, plaintiff’s alleged acquiescence and unreasonable delay debar her from contesting the divorce and the subsequent remarriage. The governing rule of law on this question of estoppel was summed up in Weiner v. Weiner (13 A D 2d 937): “The gist of the decisions is that a spouse who by acts indicates acquiescence in the divorce and so induces the other spouse to act upon the assumed validity of the decree cannot be heard to contest it.” (Emphasis supplied.) It is clear that mere inaction or delay after knowledge of one’s rights cannot constitute laches. The doctrine of equitable *372 estoppel may be invoked only where the conduct of a party has induced a change of position or resulted in a substantial prejudice to the adverse party.
Here, shortly after the divorce, defendants were married in Connecticut and thereupon returned to live in this State. Their child was conceived several months later. They purportedly relied on plaintiff’s assumed modern or tolerant views on marital relationships and her failure to institute promptly proceedings contesting the divorce, although she had received notice thereof at the time of its entry. They also assert that the action, which was brought by her against her husband the following year for alleged excessive withdrawals from their joint bank account, constituted a recognition and affirmation of the divorce in that she alleged in the complaint therein ‘ ‘ upon information and belief the defendant herein obtained a divorce from the plaintiff herein in the State of Nevada and has since remarried.” Whatever the purpose or effect of such allegation in that action, defendants cannot claim reliance thereon, since no material act or change of position on their part took place thereafter. When plaintiff commenced this action about two and a half years after the divorce, it was within the applicable period of limitations and not barred by laches.
Cases cited by defendants on the subject of laches are clearly distinguishable. For example, in Finan v. Finan (47 N. Y. S. 2d 429), the wife had appeared in the out-of-State divorce action and waited three years before claiming that jurisdiction had been obtained through duress, coercion and fraud; the court’s statement in that context that delay of over three years in attacking the foreign decree “ seems to be unreasonable as a matter of law ” must be understood in light of the fact that the wife was endeavoring to set aside an act of appearance in the action. That is entirely different from this case of a wife’s mere inaction or delay.
The court finds that plaintiff has established the elements of her causes of action and that she is accordingly entitled to enter judgment. Perhaps it should be observed that this determination is made without assessing moral responsibility for the separation of the parties and the subsequent attempt by the husband to seek a legal divorce. It is apparent that one of the causes of the separation was their drifting apart over the years as the result of increasing incompatibility and concentration by each in the pursuit of independent professions.
Pursuant to the provisions of section 1135 of the Civil Practice Act the child of the subsequent marriage, hereby declared to be a nullity, is deemed to be the legitimate child of both her parents, *373 since the court determines that the subsequent marriage was contracted in good faith with the full belief that the former marriage had been dissolved.
On the question of alimony, a comparative analysis of respective earnings, assets and reasonable expenses indicates that, under present conditions, only a moderate award should be made, and the court fixes that at $125 monthly. Either of the parties may, of course, upon a showing of a change of circumstances, apply for a modification of the amount.
With regard to counsel fees, plaintiff made no application therefor prior to the conclusion of the trial. Counsel fees, under the wording of sections 1169 and 1169-a of the Civil Practice Act, may be awarded only prospectively to enable the wife to carry on the action and not as an allowance for past services (Beadleston v. Beadleston, 103 N. Y. 402; Ernst v. Ernst, 277 App. Div. 1045; Brody v. Brody, 3 A D 2d 992; Rosen v. Rosen, 18 Misc 2d 257). The court is therefore without authority to make any award. It should be noted that, effective September 1, 1963, this restrictive provision will no longer be applicable. The matter of counsel fees in a matrimonial action or proceeding has been provided for in an all-inclusive manner. The matrimonial provisions of the Civil Practice Act and Buies of Civil Practice have been transferred, with some important modifications, to the Domestic Delations Law. New section 237 thereof provides that the direction for counsel fees “ must be made in the final judgment in such action or proceeding, or by one or more orders from time to time before final judgment ”. Under that section the Trial Judge would have authority to award counsel fees, though no previous application had been made; furthermore, since counsel fees ‘ ‘ must ’ ’ be awarded in the final judgment or by orders before final judgment, no subsequent action at law for “necessary” legal services rendered to the wife in such an action or proceeding could be maintained.
Settle decision and judgment accordingly, with provision for costs to plaintiff.