Edward J. Greenfield, J.
Plaintiffs, as attorneys for a wife in a matrimonial action in Supreme Court, Queens County, which was concluded on October 25, 1961, now sue the husband for services rendered by them in that prior proceeding. The defendant husband contends that the fixation of temporary alimony and counsel fees in the prior proceeding effectively bars plaintiffs from seeking a further recovery here. Plaintiffs allege that they came into the matrimonial proceeding after attorney’s fees had been fixed, and that they did not succeed on appeal with respect to an application temporarily modifying the amount of support awarded until after the separation decree terminating the matrimonial action had been signed.
During the pendency of that action the husband had moved to decrease the support fixed in the interlocutory order from $125 to $50 per week because of alleged denials of his visitation rights. The court granted the husband’s motion, reducing the support for a limited period of time, since the wife thereafter complied with the order. Plaintiffs were then retained as successor attorneys to the wife’s original attorney. They moved for reargument, unsuccessfully, and then took an appeal. The Appellate Division reversed and reinstated the full amount of support. This reversal came on February 11, 1963, more than 16 months after the final order in the matrimonial action.
It is well established that legal services rendered to a wife in a matrimonial action are necessaries, and her lawyer has a common-law right to bring a plenary action against the husband for having supplied such services. (Elder v. Rosenwasser, 238 N. Y. 427; Horn v. Schmalholz, 150 App. Div. 333 [2d Dept., 1912]; Goldberg v. Keller, 236 App. Div. 541 [2d Dept., 1932].) In such a plenary suit the amount of the counsel fees is fixed with reference to the results actually achieved in the matrimonial litigation. (Weidlich v. Richards, 276 App. Div. 383, 386 [1st Dept., 1950].)
The wife and her attorney have been afforded an additional statutory remedy permitting application for fees prospectively, *241 measured by the services expected to be rendered and the prospects of success in the matrimonial action. (Civ. Prac. Act., § 1169 et seq.; Domestic Relations Law, § 237.) In the matrimonial action, the court is concerned with giving the wife opportunities for protection of her legal rights, and will not award fees for services already rendered in the past, unless there has been a reservation of such right. (Sussman v. Sussman, 13 A D 2d 464 [1st Dept., 1961]; Fisher v. Fisher, 223 App. Div. 19 [1st Dept., 1928].)
If the wife has made application for attorney’s fees during the pendency of the matrimonial action, the court’s fixation of ■such fees is the measure of the husband’s obligation with respect to that action, and the wife will be deemed to have made an election barring further plenary suit against the husband for such fees. (Turner v. Woolworth, 221 N. Y. 425; Dravecka v. Richard, 267 N. Y. 180.) In Turner v. Woolworth (supra) fees were fixed in a separation action. Thereafter the attorneys sought to recover additional sums from the husband. Judge Cardozo stated (pp. 428, 429): “She chose her tribunal and her remedy. The award then made became, with the costs of the action, the measure of her rights and of her husband’s obligation. There was ample power to increase the award, if thereafter it appeared to be inadequate. That power, indeed, was exercised, and there were new orders from time to time. But until increased, the award was final * * * She invoked a summary remedy and must abide by the result.” The court went on to say that motions made during the pendency of a matrimonial action could not thereafter be made the basis for additional fees. “ Such motions are common incidents of matrimonial lawsuits. If extra labor follows, the remedy is to move for an increase of the allowance * * * There is no other liability” (p. 429).
The wife and her attorney are not barred from pursuing an action at common law for legal foes for services rendered in a matrimonial action: (a) if there had never been an application made for counsel fees in the matrimonial suit (Gallin v. Stafford, 10 A D 2d 915 [1st Dept., 1960], affd. 9 N Y 2d 894; Weidlich v. Richards, supra; Goldberg v. Keller, supra); (b) if, after the conclusion of the matrimonial action the husband has taken further affirmative steps to alter the effect of the judgment (Fox v. Fox, 263 N. Y. 68; Friou v. Gentes, 11 A D 2d 124 [2d Dept., 1960]); (c) if, after the conclusion of a matrimonial action the wife is compelled to seek further relief not inconsistent with the matters adjudicated in the prior action (Gutterman v. Langerman, 2 A D 2d 63 [1st Dept., 1956]). The tactic *242 of bringing a separate action for legal services rendered to a wife in a prior matrimonial litigation has been severely criticized. (See dissenting opinion of Valente, J., in Gallin v. Stafford, supra; 35 N. Y. U. L. Rev. 1558; Handelman v. Peabody, 285 App. Div. 689 [1st Dept., 1955].) In the latter case the court declared (p. 690): “ The normally adequate and appropriate procedure is to obtain an allowance for the necessary legal services in connection with the application for temporary alimony, and, if the extent of those services cannot be adequately estimated and evaluated at that time, a reservation may be made of the right to apply to the trial court for a further allowance. The trial court is in the best position to evaluate the services and determine whether an additional allowance should be made. ’ ’
It is to be noted that section 237 of the Domestic Relations Law, effective September 1, 1963, provides that a direction to pay counsel fees “ must be made in the final judgment in such action or proceeding, or by one or more orders from time to time before final judgment, or by both such order or orders and the final judgment.” (Italics added.) With respect to proceedings to annul or modify a judgment the court may make a direction for counsel fees “ only * * * in the order or judgment by which the particular application or proceeding is finally determined.” (Italics added.) Compare this with the provision in section 236 of the Domestic Relations Law requiring directions for support and for other services furnished to a wife to be included in an order “ before or subsequent to final judgment”. (Italics added.) Query whether section 237 of the Domestic Relations Law now embodies the exclusive remedy and has eliminated the separate common-law action.
While the plaintiffs here, as successor attorneys in the matrimonial litigation, did not themselves apply for fees, their client, the wife, did so elect on behalf of herself and the prior attorneys — an election of remedies which binds plaintiffs. “ The wife’s attorney is in privity with her and he has no rights which are not derived through her, stemming as they do from the husband’s obligation to supply the wife with necessaries. If the application for counsel fees is made in advance of trial it is made by the wife in her suit * * * Just a.s the. wife eon Id not maintain an action for counsel fees after the determination of the merits of the principal litigation against her (Pearson v. Pearson, 230 N. Y. 141) her attorney, may not do so in his own right or claim for himself any different consideration, or standard of determining his right to compensation.” (Weidlich v. Richards, 276 App. Div. 883, 385-886, supra,) A substituted attorney Is bound by the fixation of Joes *243 prior to Ms entry into the case, and if the original award will not he sufficient it is up to him to move for an additional allowance when he appears in the matrimonial action. (Weidlich v. Richards, supra, pp. 385-386; Schaefer v. Schaefer, 30 Misc 2d 278.)
Plaintiffs, as successor attorneys, made no application for further allowances, nor did they reserve their rights to have additional fees fixed until after the determination of the appeal, although there had been a previous award of counsel fees. Instead they received payment of a fee directly from the wife. Their failure to take appropriate protective measures for themselves and the wife prior to the entry of the final order in the separation action, and prior to the decision in the successful appeal which they took, deprives them of any right to proceed against the husband in a separate plenary action. The complaint must be dismissed and judgment entered for the defendant.