■ RUTH SEIDLER, Appellant, v. BENJAMIN SEIDLER, Respondent.— Order, entered on December 18, 1964, unanimously affirmed, without costs and without disbursements. Only the plaintiff has appealed but, in affirming, it should be noted that we do not approve of the condition imposed by Special Term that the denial should be "without prejudice to any plenary action plaintiff might be advised to insttiute." (See *Handelman* v. *Peabody*, 285 App. Div. 689; *Gallin* v. *Stafford*, 10 A D 2d 915, affd. 9 N Y 2d 894.) Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.

■ RUTH SEIDLER, Appellant, v. BENJAMIN SEIDLER, Respondent.— Orders, entered on January 7, 1965 and March 10, 1965, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with one bill of $30 costs and disbursements to the plaintiff, and motion of defendant to vacate the judgment by default, entered July 3, 1963, denied, with $10 costs. The appeals are consolidated and one order should be entered. The judgment by default was rendered by the court on July 3, 1963, declaring and adjudging that a Nevada decree of divorce obtained by defendant and entered October 5, 1962, was null and void, and further declaring and adjudging that plaintiff was the lawful wife of defendant. The judgment was rendered following the signing by the defendant and his attorney of a stipulation providing for payment of counsel fees of $1,000 to plaintiff and providing that the defendant was interposing no answer to the action. A copy of the said July 3, 1963 judgment was mailed to the defendant and served on his attorney on July 8, 1963. In May, 1964, he remarried, and thereupon an action was brought by plaintiff to invalidate the new marriage. Thereafter, and on November 6, 1964, this motion was made to vacate the judgment. Undoubtedly, the motion was an afterthought prompted by the questions raised with respect to the validity of his remarriage. This was a deliberate default and there is no satisfactory showing that the defendant has a meritorious defense to the action. In any event, the defendant's application was barred by CPLR 5015 (subd. [a], par. 1) providing that a motion for relief from a default judgment shall be made within one year after service of copy of judgment. (See 5 Weinstein-Korn-Miller, N. Y. Prac., par. 5015.06.) There is no showing of fraud, misrepresentation or other misconduct justifying relief to the defendant at this late date. There is no merit whatever to defendant's claim that he signed the stipulation and failed to interpose an answer upon the alleged representation that, if he paid the counsel fees of $1,000, the action would be dropped and discontinued. Defendant was represented at the time by an attorney but no affidavit from him is presented. Furthermore, it is inconceivable that defendant would have delayed for more than a year in moving to vacate the judgment if he had been deceived. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.