Harold Birns, J.
Plaintiff instituted this suit to recover counsel fees as necessaries. The action was tried before me without a jury.
At common law a wife had the right to recover from her husband for necessaries, and those necessaries always included counsel fees (Horn v. Schmalholz, 150 App. Div. 333; Handelman v. Peabody, 285 App. Div. 689; Gallin v. Stafford, 10 A D 2d 915, affd. 9 N Y 2d 894).
An alternative remedy was provided by statute enabling the wife to obtain counsel fees prospectively for the prosecution of a matrimonial action or proceeding (Civ. Prac. Act, § 1169).
Over the years the courts developed the doctrine that while these alternative remedies were available, the wife had to choose between one remedy or the other, and could not rely upon both (Turner v. Woolworth, 221 N. Y. 425; Dravecka v. Richard, 267, N. Y. 180; Tompkins & Lauren v. Glass, 44 Misc 2d 239).
So the law stood until recently, when the Legislature enacted section 237 of the Domestic Relations Law, effective September 1, 1963.
In Tompkins & Lauren v. Glass (supra, p. 242) Judge Gbeeweield of this court decided a case where the cause of action accrued prior to the effective date of said section 237, and raised, but did not answer, the question ‘ ‘ whether section 237 of the Domestic Relations Law now embodies the exclusive remedy and has eliminated the separate common-law action ’ ’.
That precise question is raised now in this case.
In the Tompkins case Judge Gbeeneield stated with respect to the law as it'stood prior to 1963, that when no application was made in the matrimonial suit, the wife and her attorney were not barred from commencing a plenary suit.
In the case before me, it appeared the plaintiff, using borrowed funds, paid $3,500 counsel fees to a firm of attorneys to prosecute a separation action in the Supreme Court, Kings County in 1964, wherein she was successful in securing a final decree of separation, alimony for herself and maintenance and support for her two children. No application was made to the Supreme Court for counsel fees.
The defendant asserts that section 237 of the Domestic Relations Law now provides the exclusive procedure for an allowance of counsel fees, and therefore no plenary action, such as this, for counsel fees can be maintained.
*17 Defendant relies upon the following language in subdivision (a) of section 237 of the Domestic Relations Law: “ In any action or proceeding brought (1) to annul a marriage or to declare the nullity of a void marriage, or (2) for a separation, or (3) for a divorce, or (4) to declare the validity or nullity of a judgment of divorce rendered against the wife who was the defendant in any action outside the State of New York and did not appear therein where the wife asserts the nullity of such foreign judgment, or (5) by a wife to enjoin the prosecution in any other jurisdiction of an action for a divorce, or (6) upon any application to annul or modify an order for counsel fees and expenses made pursuant to this subdivision provided, the court may direct the husband, or where an action for annulment is maintained after the death of the husband may direct the person or persons maintaining the action, to pay such sum or sums of money to enable the wife to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties. Such direction must be made in the final judgment in such action or proceeding, or by one or more orders from time to time before final judgment, or by both such order or orders and the final judgment.” (Emphasis supplied.)
It is the word ‘ ‘ must ’ ’ upon which the defendant rests his argument that the wife’s right to institute a common-law action for such necessaries as counsel fees no longer exists.
This language should be contrasted with the language of section 1169 of the Civil Practice Act (no longer in effect, which reads as follows) : “In an action for divorce, separation or annulment, or to declare the nullity of a void marriage brought in the lifetime of both parties, the court, in its discretion, during the pendency thereof, from time to time, may make and modify an order or orders requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action, or to provide suitably for the education and maintenance of the children of the marriage, or for the support of the wife, having regard to the circumstances of the respective parties ”. (Emphasis supplied).
Said section 1169 was an antecedent of section 237 of the Domestic Relations Law (see Practice Commentary on said latter section by Prof. David D. Siegel in McKinney’s Cons. Laws of N. Y., Book 14).
Since there are no authoritative cases after September 1, 1963 bearing on the question raised herein, except Tompkins & Lauren (supra), submitted by counsel, or found by the court, it is appropriate to consider in part the legislative study which *18 preceded the enactment of section 237 of the Domestic Relations Law.
In general terms this latter section was designed to deal with counsel fees (except in enforcement proceedings): (1) prior to final judgment, (2) on application to modify final judgment, and (3) on habeas corpus proceedings affecting children of the marriage (N. Y. Legis. Doc., 1962, No. 34, p. 309).
As stated hereinbefore, under section 1169 of the Civil Practice Act, provision could be made prospectively for all legal services to be rendered during the pendency of the action. It did not allow for an award for past services (Christensen v. Christensen, 39 Misc 2d 370). The question of counsel fees, however, could be referred to the trial court for determination (Sussman v. Sussman, 13 A D 2d 464; Fisher v. Fisher, 223 App. Div. 19).
The recent enactment of section 237 of the Domestic Relations Law can be traced to the case of Ranaudo v. Ranaudo (20 Misc 2d 963), where the wife sued her husband for annulment. Prior to the trial the wife was able to borrow counsel fees from her father with an understanding that an application would be made to the court and the father repaid from the amount awarded by the court. Thus no application for counsel fees was made in the papers which framed the issues, nor was there even a reservation of the right to award counsel fees retroactively in the final order. Application for counsel fee was made at the trial. Over argument that this would be payment for past services, Mr. Justice Meyer held that such services were “ necessaries ”, provision for which could be made prior to the final order in the matrimonial action. He construed section 1140-a of the Civil Practice Act as being sufficiently broad to allow the court to grant this application as an award “ for support of the wife by the husband as justice requires.”
Thereafter, because of the “ verbosity and complexity of our laws on these subjects ” of alimony, custody, support and counsel fees, Mr. Justice Meyer called this matter to the attention of the Joint Legislative Committee on Matrimonial and Family Laws (N. Y. Legis. Doc., 1961, No. 19, pp. 76, 77). He was instrumental in preparing legislation which became section 237 of the Domestic Relations Law. The bill which first came to grips with these problems was Senate Pr. No. 2489, Int. No. 2360; Assembly Pr. No. 3607, Int. No. 3477 (1961) which proposed to repeal certain sections from 1140 through 1170-b of the Civil Practice Act and substitute in place thereof certain new sections relating to the problems of alimony, both temporary and permanent, and custody and maintenance of children. The enactment *19 of section 237 followed this effort (N. Y. Legis. Doc., 1962, No. 34, p. 309).
It appears then that the said Joint Legislative Committee was concerned solely with simplifying and consolidating the statutory law relating to various applications theretofore made in matrimonial actions or proceedings under the Civil Practice Act. There appears to have been no attempt to deal with existing common-law rights and remedies.
If that is so then the sentence ‘ ‘ Such direction must be made in the final judgment in such action or proceeding, or by one or more orders from time to time before final judgment, or by both such order or orders and the final judgment ” must be construed as coming into play only when an application to that effect is made in a matrimonial action or proceeding.
The 1964 report of the said Joint Legislative Committee removes all doubt by its disclosure of an unsuccessful effort by the committee to abolish the common-law action wherein counsel fees could be recovered as necessaries and thus reverse the holding of Gallin v. Stafford (supra) (N. Y. Legis. Doc., 1964, No. 6, p. 227).
Again, at the 1965 session of the State Legislature, another effort was made to eliminate such common-law action by amending said section 237 (see Senate Int. No. 834, Pr. No. 834, subd. [e]) which stated: “ Where the court to which application for counsel fees or expenses could be made under the provisions of this section, or section 238 has jurisdiction of the person of the husband or father, no action or proceeding other than an application under this section shall be maintainable by the wife or mother or any other person to enforce the obligation of the husband or father to provide such counsel fees or expenses ”. This revision died in committee.
The legislative history of section 237 of the Domestic Gelations Law does not indicate an intent or purpose to abolish the common-law action to recover counsel fees as necessaries where such suit is instituted. I cannot agree then that section 237 constitutes an exclusive remedy where no application for counsel fees was made in the matrimonial action or proceeding.
Before a common-law right is abolished it should appear clearly that that was the intent of the Legislature (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 153, 301). Such an intent does not appear. In fact the legislative history indicates the contrary.
In coming to this conclusion I am mindful of the observations of the court concerning section 237 in Christensen v. Christensen *20 (supra). However, that ease was decided on June 5, 1963, and section 237 was inapplicable.
There can be little doubt that suits such as this represent a proliferation of matrimonial suits, which should be curtailed and if possible contained within one proceeding (see dissenting opn. of Valente, J., in Gallin v. Stafford, 10 A D 2d 915, affd. 9 N Y 894; 35 N. Y. U. L. Rev. 1558). However, the appellate courts have repeatedly upheld the validity of common-law actions for counsel fees as “ necessaries ” such as this (Gallin v. Stafford, supra; Handelman v. Peabody, 285 App. Div. 689). Nevertheless, the observation of Mr, Justice Meyeb is still valid that: ‘ ‘ Such an action would have to be tried before a court which could not, by the very nature of things, be as familiar with the work done by plaintiff’s counsel as is the court which tried the matrimonial action” (Ranaudo v. Ranaudo, supra, p. 966).
In this action the plaintiff seeks to recover the said $3,500 counsel fees; other legal fees in the sum of $150; clothing for the children in the sum of $214.50; maintenance and support (prior to the date temporary alimony commenced on March 30, 1964) in the sum of $950; printing expenses in the separation action in the sum of $102.72, making in all a total of $4,917.22.
In a plenary suit the amount of counsel fees is fixed with reference to the results actually achieved in the matrimonial litigation (Weidlich v. Richards, 276 App. Div. 383, 386).
Based upon the evidence adduced at trial, I find that the reasonable value of the legal services rendered as necessaries for the plaintiff was $2,500.
As to the claim for $150 for legal services rendered in the Criminal Court proceeding involving the return of clothing, where the wife is a complainant against the husband, it cannot be considered a necessary to employ private counsel, because the conduct of the prosecution is entrusted to public officers. Prosecution is instituted not for the protection of the wife but for the benefit of the People of the State (see Arnold v. Brill, 139 Misc. 846, 848; Neuwirth v. Melvin, 67 N. Y. S. 2d 926). Therefore the item of $150 counsel fees is disallowed.
The court finds, however, that the sum of $214.50 expended for clothing for the children of the parties between February 25 and March 30, prior to the date temporary alimony commenced, were necessaries. As for the plaintiff’s claim for maintenance and support during the same period prior to the commencement of temporary alimony, the court finds that the plaintiff has established only such expenditures as $75 for outside meals.
*21 With respect to the claim of $102.72 as printing expenses in the prior matrimonial proceeding, it was stipulated at the trial between the parties that the said claim be withdrawn.
Thus the court finds that the plaintiff shall recover for counsel fees in the sum of $2,500, outside meals in the sum of $75, and $214.50 for the children’s clothing, making a total of $2,789.50.
Judgment for the plaintiff in the sum of $2,789.50 with interest as demanded in the complaint.