■ STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK, Respondent, v. LOUIS KLAMER, Appellant.— Order entered June 23, 1966, denying defendant's motion to dismiss the first cause of action as time barred, unanimously affirmed, with $50 costs and disbursements to abide. the event. Special Term, in denying the aforesaid motion held that "There is an issue respecting the date when the policy became effective and the period of plaintiff's total disability." While the policy provides that it "shall not be in force unless and until the full first Policy Premium has been paid", the application for such policy, which is incorporated by reference into the policy provides that upon the payment of such premium "the policy will take effect as of the Policy Date". Consequently, we are obliged to hold that there is no triable issue as to when the policy became effective, and we hold as a matter of law that the policy became effective as of the issue date of January 13, 1964. However, the first cause of action cannot be dismissed as time barred since, while the policy provides that it shall be incontestable after it has been in force for a period of two years, it also excludes from the computation of such period any period during which the insured is totally disabled. There is a triable issue in that respect, inasmuch as the extent of the period during which the defendant was disabled has not been sufficiently established. Concur — Botein, P. J., Stevens, Steuer, Tilzer and Rabin, JJ.

■ SARAH LIPTON, Respondent, v. DANIEL SHAPIRO, Appellant.— Order entered June 8, 1966, herein appealed from, unanimously reversed, on the law without costs or disbursements to either party, and plaintiff's motion for summary judgment denied. Triable issues exist which preclude the granting of summary judgment. Whether necessaries were in fact supplied, their fair and reasonable value, and additionally, whether necessaries were supplied or moneys advanced with a then existing expectation of payment, are all fact issues (16 N. Y. Jur., Domestic Relations, §§ 628, 629, 633, 635 *et seq.*; *Wanamaker* v. *Weaver,* 176 N. Y. 75; *Swanton* v. *Curley,* 273 N. Y. 325; *Silkworth* v. *Silkworth,* 255 App. Div. 226; *Grishaver* v. *Grishaver,* 225 N. Y. S. 2d 924). Liability of defendant for legal services rendered following upon an- award of counsel fees in the matrimonial proceeding also poses questions of fact and law (see Domestic Relations Law, §§ 237, 236, 240; 16 N. Y. Jur., Domestic Relations, § 672; *Levine* v. *Levine,* 48 Misc 2d 15, affd. 50 Misc 2d 39). Concur — Botein, P. J., Stevens, Steuer, Tilzer and Rabin, JJ.