Bernard Nadel, J.
This is a motion by the defendant Morris E. L. Shapiro for summary judgment. The plaintiff’s action is to recover for legal services rendered to the defendant’s wife as necessaries.
The plaintiff, an attorney, claims that he was retained by defendant’s wife to apply for a modification of a separation decree so that it would provide for the reimbursement of medical bills incurred by her and about to be incurred by her in connection with a terminal illness from which she was suffering. The motion was granted by Mr. Justice Olliffe, Supreme Court, Kings County, to the extent of referring the same to a Special Beferee to hear and determine. The motion by the defendant to reargue was denied. No application for legal fees was made *380 in connection with the motion to modify the separation decree. Subsequent to the denial of the motion to reargue and before any hearings were held, the defendant’s wife was hospitalized and died, and accordingly the proceeding lapsed.
Defendant moves for summary judgment on two grounds: (1) that the plaintiff’s client could not have succeeded since the liability of the husband for the support of his wife was already fixed by a valid separation decree and (2) that subdivision (b) of section 237 of the Domestic Relations Law provides an exclusive remedy for counsel fees in connection with an application for the modification of a separation judgment and hence said subdivision bars a plenary action for counsel fees such as the one commenced by the plaintiff in this action.
The defendant’s first contention is not valid. There is a triable issue as to whether the services rendered by the plaintiff to the wife were necessary services for which the defendant is responsible.
Defendant’s second contention presents the question as to whether subdivision (b) of section 237 of the Domestic Relations Law provides an exclusive remedy for an allowance of counsel fees in connection with an application to modify a final matrimonial judgment, and thus bars an action at law for counsel fees as necessaries.
Subdivision (b) reads as follows: “ (b) Upon any application to annul or modify an order or judgment for alimony or for custody, visitation, or maintenance of a child, made as in section two hundred thirty-six or section two hundred forty provided, or upon any application by writ of habeas corpus or by petition and order to show cause concerning custody, visitation or maintenance of a child, the court may direct the husband or father to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the wife or mother as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties. With respect to any such application or proceeding, such direction may only be made in the order or judgment by which the particular application or proceeding is finally determined.”
The defendant argues that the phrase “ such direction may only be made ” in subdivision (b) provides for an exclusive remedy and therefore bars the plaintiff’s action for counsel fees as necessaries. The defendant does not cite any case to sustain his interpretation of said subdivision.
In Levine v. Levine (48 Misc 2d 15, 16, affd. 50 Mise 2d 39) the question was raised as to “whether section 237 of the *381 Domestic Relations Law now embodies the exclusive remedy and has eliminated the separate common-law action.” The wife brought a common-law action against her husband to recover counsel fees, as necessaries, which she had paid for legal services rendered in the successful prosecution of an action for separation, wherein no application was made for counsel fees. The defendant contended that subdivision (a) of section 237 provides an exclusive procedure for an allowance of counsel fees and therefore a separate action for counsel fees could not be maintained.
The court, after reviewing the history of section 237, said (p. 19): “ The legislative history of section 237 of the Domestic Relations Law does not indicate an intent or purpose to abolish the common-law action to recover counsel fees as necessaries where such suit is instituted. I cannot agree then that section 237 constitutes an exclusive remedy where no application for counsel fees was made in the matrimonial action or proceeding.”
On the motion before me the defendant argues that Levine v. Levine (supra) construed only subdivision (a) of section 237 since the case involved legal services in a main action, whereas the case at bar involves legal services in a post-judgment proceeding.
Subdivision (a) of section 237 of the Domestic Relations Law deals with counsel fees in the main action prior to final judgment. Subdivision (b) deals with counsel fees on applications to annul or modify final judgments, i.e., post-judgment applications and proceedings. Subdivision (a) provides that with respect to counsel fees “ such direction must be made in the final judgment in such action or proceeding, or by one or more orders from time to time before final judgment, or by both such order or orders and the final judgment.” Subdivision (b) provides that with respect to counsel fees for post-judgment applications or proceedings “such direction may only be made in the order or judgment by which the particular application or proceeding is finally determined. ’ ’ (Italics supplied.)
The phrase “ such direction may only be made ” in subdivision (b) does not make said subdivision an exclusive remedy any more than the phrase “ such direction must be made ” in subdivision (a). The words “ must be made ” in subdivision (a) and “ may only be made ” in subdivision (b) refer to an award of counsel fees where a request for counsel fees has been made to the court.
In his commentary on section 237 of the Domestic Relations Law (McKinney’s Cons. Laws of N. Y., Book 14, p. 296) Professor David D. Siegel states: “ While counsel fees accruing in *382 the conduct of the main action may, under subdivision (a), be adjudicated and set in or before the final judgment, counsel fee awards in post-judgment proceedings are not given that leeway (and, in view of the expeditious disposition of such proceedings, do not need it). Here the award of counsel fees must be made, if at all, in the order or judgment that determines the motion or special proceeding. It is also plain that counsel fees for the post-judgment motion or proceeding may not be requested after it has terminated. The same is true of counsel fees connected with the main action; the second sentence of subdivision (a) establishes that a judgment determining the action without a counsel fees disposition, or with one which a party does not like, may not afterwards be reopened for insertion or amendment respecting such fees. That of course has no bearing on a direct attack by way of appeal or on a possible separate action by the wife; it has reference only to efforts to reopen (as to counsel fees) the judgment in the main action or the judgments or orders which terminated the post-judgment proceedings. The ‘ separate action ’ referred to is the one known as 1 an action at law for “ necessaries ” ’ * * (Emphasis in original.)
The defendant, in his reply brief, cites only the first two sentences of the above paragraph and concludes that they sustain his position that subdivision (b) of section 237 provides for an exclusive remedy in the circumstances, and that since plaintiff did not avail himself of said remedy this plenary action cannot be maintained. The defendant completely disregards the concluding two sentences of the paragraph wherein Prof. Siegel specifically states that the procedures provided by section 237 have no bearing on a possible separate action at law for necessaries.
The Joint Legislative Committee on Matrimonial and Family Laws, the sponsors of section 237, recognized that the methods for obtaining counsel fees provided for in said section are not exclusive methods and that said section does not prohibit a plenary action for counsel fees. In its 1964 Report (N. Y. Legis. Doc., 1964, No. 6, p. 227) it recommended legislation which would make an application under section 237 the exclusive method for obtaining counsel fees and would bar any other action therefor. The proposed bill sought to add to section 237 an additional subdivision to read as follows: “ c. Where the court to which application for counsel fees or expenses could be made under the provisions of this section has jurisdiction of the person of the husband or father, no action or proceeding other than an application under this section shall be maintainable by the wife or child, or any other person to enforce the obligation of *383 the husband or father to provide such counsel fees or expenses.”
The memorandum in support of said bill stated:
“ The purpose of this proposed addition to section 237 is to make an application under the section referred to the exclusive method of obtaining counsel fees or expenses of suit where there is personal jurisdiction of the husband or father.
“ Although there has been a difference of interpretation by various courts in the different judicial departments, the law has been settled by the opinion of the Court of Appeals in Gallin vs. Stafford, 9 N Y 2d 894, wherein the Court upheld a judgment obtained in an action for legal services rendered to the defendant’s wife as necessaries, notwithstanding the contention that the application for counsel fee should have been made in the separation action. ’ ’
Gallin v. Stafford (mentioned in the supporting memorandum supra) was an action by the wife’s attorney against the husband for legal services rendered to the wife in her successful application to modify a judgment of separation. Under the present section 237 an application for counsel fees would be proper under subdivision (b).
The bill (proposed subd. [c]) was not reported out of committee and similar bills introduced at subsequent sessions of the Legislature likewise died in committee. There is need for enactment into law of this proposed bill.
The separate plenary action for legal services to the wife in matrimonial litigation needlessly adds to the burden upon the courts and the parties. It has been criticized by the courts prior to the enactment of section 237 and subsequent thereto. (See Handelman v. Peabody, 285 App. Div. 689; Gallin v. Stafford, 10 A D 2d 915, affd. 9 N Y 2d 894; Tompkins & Lauren v. Glass, 44 Misc 2d 239; Levine v. Levine, supra; Seidler v. Seidler, 23 A D 2d 744, 745.)
Neither subdivision (b) nor subdivision (a) of section 237 of the Domestic Relations Law bars an action at law for counsel fees as necessaries.
The motion for summary judgment is denied.