Joseph P. Sullivan, J.
The sole question presented by this motion to dismiss the complaint is whether a former wife’s common-law action for the recovery of necessities, i.e., legal fees for services rendered in her behalf, survives a final disposition of the proceeding in which the services were rendered.
The plaintiff in this action is the attorney who represented the wife in the defense of a proceeding brought by her former husband in the Supreme Court, New York County, pursuant to section 240 of the Domestic Relations Law, seeking custody of the children of the marriage. Under a separation agreement between the parties which was made part of a decree of divorce, custody had previously been given to the wife.
It is a well-accepted principle that legal services rendered to a wife in a matrimonial action are necessaries, and her lawyer has a common-law right to bring a plenary action against the husband for having supplied such services (Elder v. Rosenwasser, 238 N. Y. 427 ; Goldberg v. Keller, 236 App. Div. 541). Of course, the lawyer may not claim for himself any greater right than the wife’s or a different standard of determining his right to compensation (Weidlich v. Richards, 276 App. Div. 383). And at least prior to the enactment of section 237 of the Domestic Relations Law effective September 1, 1963, the wife and her attorney were not barred from pursuing an action at common law for legal fees for services rendered in a proceeding taken after the conclusion of a matrimonial action to alter the effect of the judgment (Fox v. Fox, 263 N. Y. 68 ; Friou v. Gentes, 11 A D 2d 124).
Subdivision (b) of section 237 of the Domestic Relations Law which affords a statutory remedy for the recovery of fees, ' ‘ Upon any application to annul or modify an order or judgment * * * for custody * * * of a child * * * or upon any application * * * concerning custody ”, provides that II the court may direct the husband or father to pay such sum * * * for the prosecution or the defense of the application or proceeding by the wife or mother ’ ’. However, ‘ ‘ such direction may only be made in the order or judgment by which the particular application or proceeding is finally determined.”
The former husband’s application, brought on by order to show cause, seeking custody of the children, as well as a com *248 panion application for related relief, was denied, without any hearing, on the grounds that the facts set forth in the papers did not justify the relief sought. Such disposition was without provision for or reference to the payment of counsel fees for the former wife, whose attorney, without making any formal application therefor and without specifying any amount, requested counsel fees for defending the wife. This request was contained in the attorney’s affidavit submitted in opposition to the husband’s application.
The question posed by the court in Tompkins & Lauren v. Glass (44 Misc 2d 239) whether section 237 of the Domestic Relations Law provides the exclusive remedy for the recovery of counsel fees, thus eliminating the separate common-law action, has now been answered in the negative (see Levine v. Levine, 48 Misc 2d 15, affid. 50 Misc 2d 39). Thus, the issue here is whether plaintiff is barred from recovery by the application for counsel fees, such as it was, made in the earlier proceeding. For clearly, where application for counsel fees has been made and considered in the underlying proceeding, a subsequent common-law action is barred (see Tompkins & Lauren v. Glass, supra ; Levine v. Levine, supra ; Ellis v. Shapiro, 56 Misc 2d 379, affd. 57 Misc 2d 633).
A review of the moving papers submitted on this motion shows that the full extent of the so-called application for counsel fees in the Supreme Court proceeding was as follows:
“ Tour deponent cannot at this time hazard a guess as to the extent of counsel fees as he is not aware of how limited or prolonged this litigation will be. I do, however, request that the Court take cognizance of the fact that the petitioner under the guise of his children’s welfare is subjecting the mother to additional legal fees, and that the petitioner be required to pay them.
‘ ‘ wherefore, your deponent respectfully requests that the petitioners ’ motion be in all respects denied * * * and that the Court take into consideration the question of adequate support for the children and counsel fees for the wife together with such other further relief as to this Court may seem just and proper. ’ ’
The Supreme Court denied the husband’s custody application on the grounds that the relief sought ‘ ‘ is completely unwarranted.” To urge, as defendant now does, that such disposition constituted a denial of counsel fees is to suggest that on a matter affecting a substantial right of a party the learned Supreme Court Justice ruled sub silentio.
The only fair interpretation of the Supreme Court’s determination is that the moving papers were legally insufficient to make *249 out a prima facie case for the relief sought — and no more. Moreover, the request made in the former proceeding, that the court give consideration to the subject of counsel fees for the wife, devoid as it was of specificity, detail and substance, hardly qualifies as an application for counsel fees so as to deny plaintiff his day in court in this action.
The court concludes that plaintiff’s action is not barred perforce of the former proceeding. The motion is denied.