■ A. CHARLES D'AGOSTINO, Respondent, v JOHN GENOVESE, Appellant.—In an action to recover attorney's fees, the defendant appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), dated April 16, 1990, which, after a nonjury trial, is in favor of the plaintiff and against the defendant in the principal sum of $42,475.

Ordered that the judgment is affirmed, with costs.

The judgment appealed from is for compensation for the legal services which the plaintiff rendered to the defendant's ex-wife, during a matrimonial action between the defendant and the ex-wife. The defendant's ex-wife is not a party to the instant action.

The underlying matrimonial action, brought by the defendant's ex-wife in the Supreme Court, New York County, terminated in a judgment dated March 30, 1989, which, among other things, dismissed the ex-wife's cause of action for a divorce. The defendant later obtained a judgment of divorce from a court in West Virginia.

We agree with the Supreme Court that the defendant is responsible for the payment of the legal fees earned by the

plaintiff. At common law, "legal services rendered to a wife, including those rendered in matrimonial proceedings, have been considered necessaries" *(Sassower v Barone,* 85 AD2d 81, 86, citing *Goldberg v Keller,* 236 App Div 541; *Horn v Schmalholz,* 150 App Div 333; *Schwartz v Aberbach,* 66 Misc 2d 246). In 1983, the plaintiff obtained an interim award of counsel fees in the underlying matrimonial action, but, in 1984, that award was vacated by the Appellate Division, First Department *(see, Genovese v Genovese,* 100 AD2d 757). However, the First Department decision did not preclude the plaintiff from bringing the present plenary action to recover a final award of attorneys' fees for services rendered during the entire course of the underlying matrimonial action, which lasted from 1982 to 1989 *(see, Fernandes v Rucker,* 186 AD2d 171). The decision of the First Department in *Genovese v Genovese (supra)* was based on its finding of fact that, as of the time of the plaintiff's earlier application for interim attorneys' fees, the defendant and his ex-wife were earning approximately the same salary. The 1990 judgment which is now under review is in no way contradictory of that earlier finding of fact, and in no way impeaches the validity of the 1984 decision of the First Department, or any of the findings of fact upon which it was based. Nothing in the law precludes the plaintiff attorney from seeking his fees by way of a plenary action after an earlier application for interim fees has been denied for a reason which has no bearing on the merits of the present claim *(cf., Berkowitz v Berkowitz,* 49 AD2d 872 [wife may not pursue an award of attorneys' fees in two simultaneous proceedings]).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Ritter and Santucci, JJ., concur.